■ In the Matter of LINA YANNI, Respondent-Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant-Respondent, and BRUCE BRANDWEN PRODUCTIONS, INC., Intervenor-Appellant-Respondent. [598 NYS2d 497] — Order of the Supreme Court, New York County (Franklin Weissberg, J.), entered November 27, 1991 which, inter alia, in a proceeding pursuant to CPLR article 78, granted petitioner landlord's application to the extent of directing respondent State Division of Housing and Community Renewal to recalculate the monthly rent for the subject apartment at the lower of the two relevant default procedures, but denied the application insofar as it sought to annul respondent's award of treble damages for excess rent charged after March 1, 1985, unanimously modified, on the law, to the extent of vacating so much of the order as directed respondent to recalculate the rent and confirming, in its entirety, the determination of respondent and, except as so modified, affirmed, without costs.

The duplex apartment which is the subject of this proceeding was created by combining two two-room apartments located on the fifth and sixth floors of the premises, a six-story, walk-up apartment building. Upon petitioner's failure to provide a complete rental history for the subject apartment (see, Matter of 61 Jane St. Assocs. v New York City Conciliation & Appeals Bd., 65 NY2d 898), respondent established a comparable rent for the duplex by doubling the rent for a two-room apartment located in the same building. This method of establishing the rent is a reasonable expedient necessitated by

the landlord's default in supplying rent records going back to the base rent date and, thus, is not a substantial departure from respondent's own precedents (see, *Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 519-520).

Concerning the imposition of treble damages, the record shows that petitioner willfully overcharged rent by requiring tenants to lease the apartment in a corporate name, even though petitioner knew the apartment would be used primarily for residential purposes, all pursuant to a scheme to evade the Rent Stabilization Code. The record does not support petitioner's claim that the apartment had been legally exempted from the requirements of the Rent Stabilization Code as a commercial unit. Concur—Carro, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.