■ In the Matter of 20 WEST 76TH STREET, LLC, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [760 NYS2d 474] —Order, Supreme Court, New York County (James Yates, J.), entered October 29, 2002, which denied the petition brought pursuant to CPLR article 78 to annul the determination of the New York State Division of Housing and Community Renewal (DHCR) dated June 26, 2001, affirming an order of the Rent Administrator which directed petitioner to place respondent Bruce Brandwen's wife's name on a rent-stabilized lease renewal and nullified all prior commercial leases and reformed them into residential leases, unanimously affirmed, without costs.

In an earlier proceeding, the DHCR previously granted the rent overcharge petition brought by Bruce Brandwen, holding

---

that although the lease was ostensibly a commercial lease in the name of Bruce Brandwen Productions, Inc., it was covered by the rent protections of the rent stabilization laws (*see Matter of Yanni v New York State Div. of Hous. & Community Renewal*, 194 AD2d 375 [1993], *lv denied* 82 NY2d 662 [1993]). The agency there determined that the lease's use of a corporate tenant's name had not been based upon the nature of the tenancy, but rather, had been demanded by the landlord at the time of the initial lease, in 1985, in an attempt to avoid the application of the rent stabilization laws to the duplex apartment being rented by respondent Bruce Brandwen.

In the proceeding now under review, the DHCR concluded that, notwithstanding the corporate name written on the "tenant" line of the lease renewals (as it was on the initial lease), the prior DHCR order requires the conclusion that in fact the tenancy is an individual one, the tenant being Bruce Brandwen, and therefore Mr. Brandwen's spouse must be included as a tenant on the lease, pursuant to Rent Stabilization Code ([RSC] 9 NYCRR) § 2522.5 (g). The landlord argues that this is wrong, not because the agency's interpretation of its prior order is incorrect, but because Mr. Brandwen's conduct *after* issuance of the order reflects his intent to maintain the tenancy as corporate rather than individual. It contends that the tenant intentionally opted to maintain the corporate tenancy *after* issuance of the DHCR's prior order, and that therefore the Rent Stabilization Code provision which entitles a rent-stabilized tenant to have his or her spouse added as a tenant (RSC § 2522.5 [g]) is inapplicable to this corporate tenant.

Indeed, the landlord offers a rationale for what it contends was Mr. Brandwen's choice: it suggests that Mr. Brandwen made an affirmative decision that it would be advantageous to maintain a corporate tenancy, in that he would thereby be entitled to "substantial tax benefits" to which he would not be entitled as an individual tenant. It further suggests that Brandwen's attempt to include his wife on the lease resulted from the couple's separation, and their agreement, in that context, that he would give her the rent-stabilized apartment.

However, nothing in the record supports either of these assertions by the landlord. Its often-repeated claim that Mr. Brandwen is reaping substantial tax benefits with the corporate tenancy is pure supposition. Indeed, as the tenant points out, if he were using the apartment as a home-office, he would be entitled to deduct a portion of the rent, *regardless* of the name on the lease. In any event, it has been undisputed to this point that the apartment serves as Brandwen's primary residence, not as the base for a commercial enterprise.

We are left with the simple fact that Mr. Brandwen continued to accept and sign lease renewals naming the corporation as lessee, rather than substituting his individual name on the renewal leases after issuance of the DHCR's prior order. The question before us is whether this circumstance alone demonstrates some sort of acknowledgment or ratification of the corporate nature of the tenancy, or a waiver of any right to be treated as an individual tenant.

Mr. Brandwen's acceptance of, or acceding to, lease renewals naming the corporation as the tenant, does not by itself require the conclusion that he thereby knowingly and intentionally waived his right to be treated as an individual tenant. Nor did Mr. Brandwen's use of the corporate name in litigation relating to the apartment provide the necessary additional proof of his intent that the tenancy be corporate; his use of the corporate name in litigation was precisely because the litigation related to the lease.

Petitioner landlord seeks to apply to this situation the rules of those cases involving corporate tenants that receive the benefits of rent-stabilized rents on behalf of designated individuals (*see Manocherian v Lenox Hill Hosp.*, 229 AD2d 197 [1997], *lv denied* 90 NY2d 835 [1997]; *Matter of Cale Dev. Co. v Conciliation & Appeals Bd.*, 94 AD2d 229 [1983], *affd* 61 NY2d 976 [1984]). That is because the most recent cases discussing such situations limit the benefit of rent-stabilized rents to the individual designated in the lease by the corporate tenant, in order to protect against perpetual tenancies. By casting the present tenancy in this light, the landlord, although it did not succeed in avoiding the rent limits of the rent stabilization laws by using a corporate tenant's name, would avoid the possibility of succession rights in the subject duplex apartment.

However, the *Manocherian* line of cases does not control this case. Most of those cases involved corporations renting in the interest of residents that for various reasons could not serve as named tenants, such as disabled individuals living under supervision in a group home, or students needing temporary quarters. While *Matter of Cale* involved, like this case, a rent-stabilized lease in the name of a corporation with designated tenants, there was no DHCR finding in *Cale* that the use of the corporate name was a ruse used by the landlord in an attempt to avoid application of the rent stabilization laws.

DHCR's conclusion that the original lease and renewal leases should be reformed to reflect the individual tenancy rather than the corporate tenancy was rationally based. The interven-

ing conduct subsequent to the first order does not require a different conclusion. Accordingly, the petition was properly denied. Concur—Andrias, J.P., Saxe, Lerner, Friedman and Marlow, JJ.