OPINION OF THE COURT
Per Curiam.
Final judgment entered September 13, 2002 reversed with $30 costs, and final judgment of possession granted in favor of tenant dismissing the petition.
The facts are not contested in this nonprimary residence holdover. The tenant of record is Joseph Silverberg, a physician in Rochester, who rented the apartment premises on West 87th Street in June 1998 for $2,050 per month. As found by Civil Court, the parties to the lease “were fully aware from the start” that tenant was renting the premises for the exclusive use of his daughter Terri Silverberg, a recent college graduate who did not have a credit history. There was no issue as to primary residence at that time, as the rent had been set at a deregulated amount.
Shortly after the commencement of the tenancy, a rent overcharge claim was filed with the Division of Housing and Community Renewal. The present landlord settled the claim by refunding over $17,000 to the tenant, agreeing that the legal regulated rent was $656, and by renewing the lease for an additional two years. However, landlord sought possession at the expiration of that term on the ground that the apartment was not Dr. Silverberg’s primary residence. Civil Court granted the petition, reasoning that the prior landlord preferred Dr. Silver-berg as a tenant because he was more creditworthy; he had never resided in the apartment; and that Terri Silverberg “has no right to renew although it was clear to all parties that she would be the one living in the apartment, because the lease did not name her as such.”
On these singular facts, we conclude that while Dr. Silverberg was the nominal tenant, the actual contemplated resident— understood as such from the inception of the tenancy — was Terri Silverberg. No other person has resided in the premises. It is manifest that the lease was granted to Dr. Silverberg rather than his daughter for the purpose of financing a rental which substantially exceeded the amount that could lawfully be col *37 lected, effectively removing from the market an existing stabilized apartment (see generally, Draper v Georgia Props., 230 AD2d 455 [1997], affd 94 NY2d 809 [1999]). Now that the premises has been restored to the aegis of the rent stabilization system, landlord should not be permitted to capitalize on the lease arrangement by evicting the real party in interest, i.e., Terri Silverberg, who was recognized as the true occupant from the outset; who, in fact, has primarily resided in the apartment; and who is therefore within the class of those entitled to protection under the regulatory scheme.
Cases such as Avon Bard Co. v Aquarian Found. (260 AD2d 207 [1999]), cited below, are inapposite as they involve leases to corporate entities with the possibility of a perpetual tenancy in the absence of identifiable individual occupants (see, Matter of 20 W. 76th St. v Division of Hous. & Community Renewal, 306 AD2d 6 [2003]).
Suarez, EJ., McCooe and Gangel-Jacob, JJ., concur.