156 Prince Street, LLC, 
against
Martin Rothstein, Respondent-Tenant, -and- Frank Rothstein, Respondent-Undertenant-Respondent.



Landlord appeals from an order of the Civil Court of the City of New York, New York County (Michael L. Weisberg, J.), dated November 14, 2016, which granted respondent-undertenant's motion to reargue his cross motion for summary judgment dismissing the holdover petition, and upon reargument, granted respondent-undertenant's cross motion for summary judgment and denied, as moot, landlord's motion for reargument.




Per Curiam.
Order (Michael L. Weisberg, J.), dated November 14, 2016, affirmed, with $10 costs. 
Civil Court properly granted respondent-undertenant's cross motion for summary judgment dismissing the holdover petition. The summary judgment record conclusively establishes that the defaulting record tenant, Martin Rothstein [Martin], leased the subject rent stabilized apartment in 1989, paid only the first month's rent and never resided in the apartment; that the parties to the lease were fully aware from the inception of the lease that Martin was renting the premises for the exclusive use of his son, undertenant Frank Rothstein; and that for the next 23 years undertenant never concealed his occupancy from the predecessor landlords and paid rent directly to them until petitioner-landlord purchased the subject building in October 2012. Indeed, the long-term predecessor owner of the premises submitted an affidavit admitting that he "knew from the inception of the lease that Martin would not ever be living in the subject apartment" and "only Frank would be living in the apartment," that with the exception of the first month's rent, "Frank sent the rent ... every month" and that the rent was "willingly accepted ... from Frank because Frank was [the] tenant, not Martin."
On this record, Civil Court correctly held that while Martin was the nominal tenant, the "actual contemplated resident" and "true occupant," understood as such from the inception of the tenancy, was tenant's son, Frank, who, in fact, has primarily resided in the apartment from the outset, and who is therefore within the class of those entitled to protection under the rent [*2]stabilization scheme (7 W. 87th St. v Silverberg, 1 Misc 3d 35, 36-37 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 04, 2017