People v Cianci (2025 NY Slip Op 50389(U))

[*1]

People v Cianci

2025 NY Slip Op 50389(U)

Decided on March 28, 2025

County Court, Genesee County

Cianfrini, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 28, 2025
County Court, Genesee County

The People of the State of New York

against
Gregory S. Cianci, Defendant.

Ind. No. 70821-24/001

Kevin T. Finnell Esq.
Genesee County District Attorney
By: William G. Zickl, Esq.
Assistant District Attorney
Lisa M. Kroemer, Esq.
Attorney for Defendant

Melissa Lightcap Cianfrini, J.

The Genesee County Grand Jury has returned an indictment charging the defendant, Gregory S. Cianci, (hereinafter, "Defendant") with Burglary in the Third Degree, a class D felony, in violation of Penal Law §140.20, Criminal Mischief in the Third Degree, a class E felony, in violation of Penal Law §145.05(2), and Petit Larceny, a class A misdemeanor, in violation of Penal Law §155.25.
The Court has examined the Grand Jury minutes pursuant to the Defendant's notice of omnibus motion dated March 13, 2025, together with an Attorney Affirmation of Lisa M. Kroemer, Esq., sworn to on March 13, 2025. In opposition, the People have submitted an Answering Affirmation of Assistant William G. Zickl, affirmed on March 21, 2025.
 Defendant's challenge pursuant to CPL § 30.30
The Defendant moves to dismiss the indictment for a violation of CPL § 30.30, which requires that the People to declare their readiness for trial on a felony charge within six months of the commencement of the action (CPL § 30.30(1)(a)).
A defendant seeking a speedy trial dismissal pursuant to CPL § 30.30 meets his or her initial burden on the motion by alleging only that the prosecution failed to declare readiness within the statutorily prescribed time period (People v Reed, 151 AD3d 1821, 1821 [4th Dept. 2017] internal quotations omitted). The Defendant has met his initial burden since he alleges that the People were not ready for trial within the statutory time period. The calculation for CPL [*2]§ 30.30 purposes begins at the date of arraignment where a defendant is provided a notice to appear, not the date of arrest (See CPL §1.20[17][FN1]
and CPL § 30.30[7][b]).[FN2]

The People's reliance upon the case of People v. Mayer, 1 Misc 3d 35 (A) is dated and not in accord with more recent Court of Appeal precedence and its progeny. Our Court of Appeals has specifically held that pre-readiness delays arising from court congestion or court scheduling problems are chargeable to the People, because these types of delays do not prevent the People from being ready or declaring readiness in a written off-calendar statement. See People v. Barden, 27 NY3d 550. More recent case law, such as People v. Kopald, 78 Misc 3d 134 (A), a 2023 case, is in accord with Barden and directly on point. While not binding on this Court, the rationale of and determination by that court is persuasive.
The case at bar commenced on May 16, 2024 when the Defendant appeared for arraignment pursuant to an appearance ticket dated May 1, 2024. It is undisputed that the defense requested adjournments from September 17, 2024, through November 19, 2024, totaling 63 days of excludable time pursuant to CPL § 30.30(4)(b). As such, in order to timely declare readiness for trial, the People had to announce readiness not later than January 14, 2025.
The People filed with this Court a Statement of Readiness for Trial ("SRT") and Certificate of Compliance ("COC") on January 10, 2025.[FN3]
CPL § 245.50(1) provides that the People "shall serve upon the defendant . . . a certificate of compliance." The arraignment on the indictment was held on January 28, 2025, where the defense objected to the People's readiness for trial as defense counsel had not been served with either the SRT or COC. During the arraignment, this Court permitted the parties to have a brief adjournment to verify whether, in fact, the defense had been served with such documentation. At a second call, the defense counsel re-asserted her position that such service had not occurred.
In his Answering Affirmation, the prosecutor asserted that the SRT and COC were provided to defense counsel "electronically." However, the People did not attach to its Answering Affirmation any proof of such electronic service on January 10, 2025. No affidavits of service were provided to this Court by the People establishing proper service. Moreover, the Compliance Reports attached to the COCs have no reference of the service of any SRT or COC to defense counsel. As this Court has stated previously in other cases, it is incumbent upon the People to have proof of service by some means. Simply uploading the SRT or COC into Digital Evidence Management System (DEMS) is insufficient without more. However, the People were unable to even provide proof of the exchange of these specific documents through DEMS. The only evidence presented to this Court of the defense receipt of the SRT and COC was through an [*3]email dated January 28, 2025 at 9:37 am attached to the Defendant's unmarked exhibits to his Omnibus Motions. As such, the People failed to meet their burden that the service of such documents occurred on or before January 14, 2025 or any other statutory exclusion of time.
Accordingly, the People failed to timely serve the SRT and COC by January 14, 2025. As a result, this Defendant's CPL § 30.30 motion is GRANTED and the indictment is hereby DISMISSED.
This Decision constitutes the Order of this Court.
DATED: March 28, 2025
Batavia, New York
HON. MELISSA LIGHTCAP CIANFRINI
Genesee County Court Judge

Footnotes

Footnote 1:A criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court, and, if more than one accusatory instrument is filed in the course of the action, it commences when the first of such instruments is filed. CPL §1.20(17).

Footnote 2:CPL § 30.30(7)(b) states, in pertinent part, that "where a defendant has been served with an appearance ticket, the criminal action must be deemed to have commenced on the date the defendant first appears in a local criminal court in response to the ticket."

Footnote 3:This Court has cautioned the People in two separate Genesee County Court cases; People v. Ives and People v. McColl, 2024 NY Slip Op 51854(U). The Court held that serving discovery and original and/or supplemental COCs and SRTs solely via DEMS without advising defense counsel by some further communication or service would be imprudent moving forward.