OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Under CPL 30.30 (1) (a), the People have six months, or in this case 181 days, to be ready for trial, exclusive of any periods of time properly chargeable to the defense. The question before us is whether the People should be charged with time beyond the dates to which they requested adjournments.
 
 *678
 
 The People contend that an adjournment which is extended because the defense rejects the original date suggested by the People should be, in part, excludable from the time chargeable to them. This argument is without merit.
 

 In
 
 People v Kendzia
 
 (64 NY2d 331), we stated that " 'ready for trial’ [pursuant to] CPL 30.30 (1) encompasses two necessary elements”
 
 (id.,
 
 at 337). First, the People must communicate their readiness on the trial court’s record, either by a statement of readiness by the prosecutor in open court or through a written notice of readiness sent by the prosecutor to defense counsel and the appropriate court clerk
 
 (see, id.).
 
 Secondly, the prosecutor must in fact be ready to proceed at that time
 
 (see, id.).
 
 Delays caused by the court, such as delays in arraignment or other court congestion, do not excuse the People from timely declaring their readiness for trial
 
 (see, People v Correa,
 
 77 NY2d 930, 931;
 
 People v Brothers,
 
 50 NY2d 413, 417). The People can avoid being charged with prereadiness delay occasioned by court scheduling by filing a certificate of readiness
 
 (see, People v Tavarez,
 
 147 AD2d 355, 356,
 
 lv denied
 
 73 NY2d 1022). Inasmuch as the People never stated their readiness for the record in this case, the People should be charged with the entirety of the adjournment periods
 
 (see, People v Kendzia, supra).
 
 The rule we restate today, which requires the prosecution to file a certificate of readiness or make a statement of readiness in open court, objectively establishes the date on which they can proceed and eliminates the need for a court to determine to whom adjournment delays should be charged.
 

 The People’s contention that defense counsel’s unavailability amounted to consent to a longer delay is also unavailing. Adjournments consented to by the defense must be clearly expressed to relieve the People of the responsibility for that portion of the delay. Defense counsel’s failure to object to the adjournment or failure to appear does not constitute consent
 
 (see, People v Liotta,
 
 79 NY2d 841, 843). The adjournments at issue here were, in the first instance, precipitated by the People’s failure to be ready for trial. Other than stating that certain dates were inconvenient, defense counsel never formally consented to the adjournments and did not participate in setting the adjourned dates. Because the actual dates were set either by the court or the prosecution, no justification exists for excluding the additional adjournment time required to accommodate defense counsel’s schedule.
 

 
 *679
 
 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa and Smith concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.