■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON MATTHEWS, Appellant. [642 NYS2d 682] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered May 17, 1993, convicting defendant, after a jury trial, of kidnapping in the first degree and six counts of sodomy in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 25 years to life on the kidnapping conviction and 12$\frac{1}{2}$ to 25 years on each of the sodomy convictions, unanimously affirmed.

The only issue before us is whether defendant was denied his right to a speedy trial (CPL 30.30). On October 29, 1991, the

People requested a two-week adjournment, and defense counsel requested an adjournment to November 19, which the court granted. Clearly, defense counsel participated in setting the adjourned date and, accordingly, the court was justified in excluding the additional time requested by defense counsel to accommodate counsel's schedule (*compare, People v Smith*, 82 NY2d 676, 678).

On December 19, 1991, the assigned prosecutor represented through another Assistant District Attorney that she needed a two-day adjournment, but defense counsel stated "I'd rather put it over, Judge, past the holidays." When the court inquired whether December 26 was satisfactory, defense counsel responded "I was thinking more like January 16 or the 23rd." It cannot be concluded that defense counsel did not participate in setting the January 16, 1992 adjourned date, or that the date was set either by the court or the prosecution (*compare, People v Smith, supra*). Defendant's argument that "the additional delay was set to accommodate defense counsel's schedule", does not require the entire period be charged to the People. As the Court of Appeals noted in *People v Smith* (*supra*), there was no justification for excluding the additional time required to accommodate defense counsel's schedule in that case *because* defense counsel did not participate in setting the adjourned dates, and the actual dates were set either by the court or the prosecution. That circumstance was not presented here.

With respect to the period March 3 to April 28, 1992, the People sufficiently established that the eight-year-old complaining witness was unavailable due to the emotional trauma caused by the kidnapping and repeated sodomy. Thus, the entire period was excludable as an "exceptional circumstance" under CPL 30.30 (4) (g). Moreover, defendant's failure to respond to the People's identification of the exclusion upon which they were relying resulted in the issue not being preserved for review (*see, People v Luperon*, 85 NY2d 71, 78 ["the defense must identify any legal or factual impediments to the use of these exclusions"]). We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin and Mazzarelli, JJ.