OPINION OF THE COURT
Carol Berkman, J.
Defendant, charged with criminal contempt in the first and second degrees, has moved for reconsideration of this court’s order denying dismissal for violation of defendant’s statutory speedy trial rights.
The motion for reconsideration is based on a common and persistent misunderstanding of the rules set forth by the Court of Appeals in People v Smith (82 NY2d 676) and People v Liotta (79 NY2d 841), which cases refused to imply a consent to an adjournment from defense counsel’s absence. The contested adjournment in this case occurred on April 19, 2000, when the *720 People stated they were not ready. It was their belief at that time that the complainant was out of the country on vacation, although this later proved inaccurate. While the prosecutor assigned to the case did not specify a trial date in her note, the Assistant District Attorney covering the case asked for two weeks. Defense counsel, in turn, specifically asked for May 17.
Defense counsel argues that the People could not have been ready on the two-week date requested, as demonstrated by admissions in the People’s response and the filing of a certificate of readiness on May 15.* The defense motion for reconsideration argues that as the May 17 date was set to accommodate defense counsel’s schedule, and was part of a prereadiness adjournment, the Smith/Liotta rule mandates includability.
Both of these cases, Smith and Liotta (supra), involved situations where adjournments were had in defense counsel’s absence, and dates were chosen by the court with the hope of accommodating counsels’ schedules. Much to the distress of many Trial Judges, the holdings of these cases appear to “reward” inappropriate conduct by counsel. If counsel fails to appear, and fails to file an affidavit of actual engagement as required by court rule (22 NYCRR 125.1 [e] [1]), the adjournment is includable. If counsel appears and simply rejects the date requested by the prosecutor, unless the court guesses day by day and so involves defense counsel in choosing the exact date, the adjournment is apparently includable. If the affidavit of actual engagement does not request a specific date, there is at least an argument (albeit a weak one) that notwithstanding the engagement of counsel there is neither a consent to nor a request for an adjournment. But counsel here behaved appropriately. The People asked for a date and he requested another, two weeks later. As those two weeks were explicitly requested by defense counsel, who actively participated in setting the adjournment date, at least those two weeks are excludable, whether the People could have been ready two weeks earlier or not. (See, e.g., People v Matthews, 227 AD2d 313, 314 [“It cannot be concluded that defense counsel did not participate in setting the * * * date, or that the date was set either by the court or the prosecution”].) Accordingly, the court adheres to its decision denying dismissal pursuant to CPL 30.30.
*721 This case once again shows that the speedy trial statute once again needs legislative attention. If the purpose of the statute is to encourage prosecutorial diligence in readying a case for trial, a rule that rewards negligence or gamesmanship by defense counsel does not promote that goal.

 The People argue that the adjournment should be considered excludable as the complaining witness was unavailable, but it is rather doubtful that a witness’ being out of touch with the prosecutor constitutes unavailability within the meaning of the statute. In any event, this issue is academic in view of this court’s ruling on other grounds.