■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY JOHNSON, Appellant. [744 NYS2d 580] —Carpinello, J. Appeals (1) from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered December 3, 1999, convicting defendant upon his plea of guilty of the crimes of reckless endangerment in the first degree and driving while ability impaired and the traffic infraction of speeding, and (2) by permission, from an order of said court, entered February 8, 2001, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Upon our earlier consideration of these appeals, we withheld decision and remitted the matter to County Court for further proceedings and a decision on defendant's CPL article 440 motion to vacate the judgment based on a claim of ineffective assistance of counsel for failing to seek dismissal of the indictment on speedy trial grounds (288 AD2d 501). After a hearing, County Court concluded, in an order entered February 19, 2002, that defendant had a viable speedy trial defense, granted defendant's motion, vacated the judgment of conviction and dismissed the indictment. We disagree with County Court's resolution of the matter.

Ordinarily, a defense counsel's failure to move to dismiss an indictment on speedy trial grounds cannot be attributed to trial strategy (see, People v O'Connell, 133 AD2d 970, 971), but in this case there is sworn testimony of defendant's trial counsel that she and defendant agreed to a plan to adjourn the criminal action to serve the dual purposes of negotiating a favorable plea bargain and permitting him "to max out on parole" before any action could be taken on the pending parole violation. Regardless of whether this proof would be sufficient to meet the People's burden on a timely filed speedy trial motion, we conclude that it was sufficient to demonstrate that the failure to pursue such a motion was not the product of ineffective assistance of counsel but, rather, the direct result of a legitimate strategy that benefitted defendant and to which he consciously agreed. Accordingly, the judgment of conviction

and the original order denying defendant's CPL article 440 motion are affirmed.

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.