This opinion is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------------

No. 98
The People &c.,
            Respondent,
        v.
Scott Barden,
            Appellant.

Richard M. Greenberg, for appellant.
David M. Cohn, for respondent.

STEIN, J.:

On this appeal, we are asked to determine who is
chargeable, for statutory speedy trial purposes, with each
discrete time period within a pre-readiness adjournment when the
People initially request an adjournment to a specific date,
defense counsel is unavailable on that date and requests a later

- 1 -

date, but the court is unavailable on the later date, resulting in an even longer adjournment. Further, we must decide whether defendant consented to the additional delay occasioned by the court's calendar when, upon being advised by the court of its next available date, counsel responded, "[t]hat should be fine." Applying our general rules, we conclude that defendant did not consent to the additional delay attributable to court congestion and, because the People failed to announce readiness within the statutory time period, defendant was entitled to dismissal of the indictment on speedy trial grounds.

Defendant was indicted on charges of identity theft in the first degree, criminal possession of stolen property in the fourth degree, and theft of services (two counts). At several court appearances, the People stated that they were not ready for trial and requested adjournments. During some of those appearances, defense counsel asked for additional time beyond the dates requested by the People. Defendant subsequently moved to dismiss the indictment based on, among other things, a violation of his statutory speedy trial rights. Supreme Court denied defendant's motion without explanation, implicitly charging the People with only the time actually requested by them and excluding additional time resulting from defense counsel's other obligations and court congestion. Ultimately, the People did not announce their readiness until the day of trial, more than 16 months after commencement of the criminal action. After a jury

trial, defendant was convicted as charged.  The Appellate Division modified the judgment by dismissing the identity theft count, but otherwise affirmed (117 AD3d 216 [1st Dept 2014]).  A Judge of this Court granted defendant leave to appeal (24 NY3d 959 [2014]).

Where, as here, a felony is included in an indictment, the People must be ready for trial within six months, after subtracting excludable time (see CPL 30.30 [1] [a]).  "[O]nce a defendant has shown the existence of an unexcused delay greater than . . . six months, the burden of showing that time should be excluded falls upon the People" (People v Santos, 68 NY2d 859, 861 [1986]; see People v Santana, 80 NY2d 92, 105 [1992]).  Under the relevant statute, a court can exclude "the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel" (CPL 30.30 [4] [b]; see People v Worley, 66 NY2d 523, 527 [1985]).  On the other hand, pre-readiness delays arising from court congestion or court scheduling problems are chargeable to the People, because court delays do not prevent the People from being ready or declaring readiness in a written off-calendar statement (see People v Chavis, 91 NY2d 500, 504 [1998]; People v Smith, 82 NY2d 676, 678 [1993]; People v Kendzia, 64 NY2d 331, 337-338 [1985]; People v Brothers, 50 NY2d 413, 417 [1980]).  Indeed, when the People are not ready and request an adjournment, a later written "statement of readiness can save the People from

liability for the remainder of the adjournment period" (People v Stirrup, 91 NY2d 434, 436, 440 [1998]).

In this case, the statutory six month period equated to 184 days. Without explanation, Supreme Court charged the People with 179 days; those days are not at issue on this appeal. Rather, the question before us is whether, in calculating the number of days chargeable to the People, the motion court properly assigned partial responsibility to each of the parties for three adjournments granted between January 5, 2011 and April 13, 2011. In that regard, the parties primarily dispute the meaning of certain language in this Court's decision in People v Smith (82 NY2d 676 [1993]), in which we stated that

> "Adjournments consented to by the defense must be clearly expressed to relieve the People of the responsibility for that portion of the delay. Defense counsel's failure to object to the adjournment or failure to appear does not constitute consent. The adjournments at issue here were, in the first instance, precipitated by the People's failure to be ready for trial. Other than stating that certain dates were inconvenient, defense counsel never formally consented to the adjournments and did not participate in setting the adjourned dates. Because the actual dates were set either by the court or the prosecution, no justification exists for excluding the additional adjournment time required to accommodate defense counsel's schedule" (id. at 678 [internal citation omitted and emphasis added]).

The question here distills to what constitutes participation sufficient to establish a request for, or consent to, an adjournment by defense counsel. As quoted above, Smith

states that counsel's mere failure to object to an adjournment, or indication that a date requested by the People is inconvenient, is not a request or a clear expression of consent for purposes of calculating excludable time under CPL 30.30 (see id. at 678). In this case, counsel did more than merely state that she was unavailable on the dates requested by the People. For several time periods, she explained why she wanted more time. The reasons she gave were for her own convenience, the demands of defendant's case, and her court schedule for cases unrelated to this defendant, none of which were based on any actions taken by the People. Therefore, it is crucial to determine what portion of each adjournment period is chargeable to each party when, as here, both the People and defendant seek additional time.

For example, on January 5, 2011, the People requested an adjournment until January 26, but defense counsel asked to have until after February 8, stating she had "a date in the Second Circuit on the 8th. I just need to get that done." The court set the next appearance date for February 9. On the speedy trial motion, the court charged the People only with the time from January 5 through January 26. The court properly charged defendant with the time period (from January 27 through February 9) when defense counsel had commitments on an unrelated federal case and explicitly sought time to prepare herself for that matter, because counsel explicitly requested and, by actively participating in setting the later date, clearly expressed her

consent to that additional time (see CPL 30.30 [4] [b]; People v Fuller, 8 AD3d 204, 205 [1st Dept 2004], lv denied 3 NY3d 706 [2004]).

Likewise, on February 9, 2011, when the People requested an adjournment until February 23, defense counsel asked for a date the following week. At the same time, counsel stated that she needed an investigator for defendant's case and submitted documents seeking a court order to obtain one. The court set a date one week later than that requested by the People. On defendant's motion, the court charged the People with the days they requested (from February 10 through February 23), but charged defendant with the days thereafter. In that instance, defense counsel had indicated the need for time to hire an investigator and for that person to conduct an investigation. This request also constituted a clear expression of consent to a longer adjournment than that sought by the People, rendering that time (from February 24 through March 2) chargeable to defendant.

Finally, on March 2, 2011, the People sought an adjournment until March 16. Defense counsel stated that, on that date, she would be engaged in a civil trial which had begun two years earlier, and she expressed her strong desire to complete that trial. Counsel, therefore, asked to extend the adjournment until March 28. The court responded, "It has to be after April 8th. April 13th," to which counsel replied, "[t]hat should be fine." On the motion, the court properly charged the People with

the days they requested (from March 2 through March 16), but apparently excluded all of the time between March 17 and April 13 from the speedy trial calculation. This was error. Defendant should have been charged only with the time that counsel requested to conduct her separate civil trial -- that is, March 17 through March 28 -- and the People should have been charged with the remaining time, as the portion of the adjournment from March 29 through April 13 was required by the court, itself.

Contrary to the People's argument, counsel's accommodation of the court's schedule -- merely by failing to express an objection to the alternate date proposed by the court after it indicated that the date suggested by counsel was not available -- cannot, under CPL 30.30, be considered consent to the extension of the adjournment beyond March 28. This Court has held that "[a]djournments consented to by the defense must be clearly expressed to relieve the People of the responsibility for that portion of the delay" (Smith, 82 NY2d at 678 [emphasis added]; see People v Liotta, 79 NY2d 841, 843 [1992]). Such consent does not arise by counsel merely indicating that a date suggested by the court is convenient. Thus, a defense counsel's ambiguous comment such as "[t]hat should be fine" when the court proposes a date is not sufficient to constitute clear consent to defendant being charged with the entire adjournment, including time necessitated by the court's calendar. Rather, such a generic statement likely signals nothing more than counsel's

availability on a proposed date after the court has indicated that it could not accommodate the date requested by defense counsel when, in the first instance, the adjournment was "precipitated by the People's failure to be ready for trial" (Smith, 82 NY2d at 678).

Additionally, as noted above, the People bear the burden of establishing which time periods should be excluded from the statutory six months, with no burden being placed on the defendant (see Santana, 80 NY2d at 105; Santos, 68 NY2d at 861). The general rule -- that the People should be charged with pre-readiness delays caused by court congestion (see Chavis, 91 NY2d at 504; Stirrup, 91 NY2d at 440; Smith, 82 NY2d at 678; Kendzia, 64 NY2d at 337-338; Brothers, 50 NY2d at 417) -- is premised on the idea that such delays do not inhibit the People from declaring readiness in writing, through an off-calendar statement (see Smith, 82 NY2d at 678).  That reasoning applies equally well to any portion of a pre-readiness adjournment that is associated with court congestion, regardless of which party is chargeable with the remaining portion or portions of that adjournment.  Here, the People could have filed an off-calendar statement of readiness at any time to stop the speedy trial clock, but they never did so.  If the People were unsure of whether defense counsel's statement was an indication of consent to the entire period of the adjournment, they could have asked for clarification on the record; again, the People did not do so.

Because the People did not meet their burden, Supreme Court erred to the extent it failed to charge the People with the 16 extra days from March 29 through April 13, which the court, itself, requested.  Because those 16 days put the People over the statutory limit, defendant's CPL 30.30 motion should have been granted and the indictment should have been dismissed.

Defendant also challenges the legal sufficiency of two counts of the indictment, asserting, among other things, that: the term "credit card" in Penal Law §§ 165.45 (2) and 165.15 (1) does not include intangible property, such as the numbers associated with a credit card; and that defendant did not constructively possess the credit card numbers, in that they were provided to a hotel by the credit card owner and the hotel used them to charge services at defendant's request -- beyond the authority granted by the owner -- but defendant never saw or knew the numbers.  While we recognize that there is a division among the Appellate Division Departments on at least some of these issues (compare 117 AD3d 216 [1st Dept 2014], with Matter of Luis C., 124 AD3d 109 [2d Dept 2014]), we have no occasion to reach them due to our resolution of this case on the dispositive speedy trial ground.

Accordingly, the order of the Appellate Division should be reversed, defendant's CPL 30.30 motion granted, and the indictment dismissed.

  *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

Order reversed, defendant's CPL 30.30 motion granted and indictment dismissed.  Opinion by Judge Stein.  Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Fahey and Garcia concur.

Decided June 14, 2016