■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GARY ROUSAW, Respondent. [56 NYS3d 606]—

Devine, J. Appeal from an order of the County Court of St. Lawrence County (Richards, J.), entered October 3, 2014, which granted defendant's motion to dismiss the indictment.

By several instruments dated December 12, 2013, defendant was charged with offenses stemming from his alleged molestation of two young girls. He was arraigned the next day, and the matter was eventually held for action of the grand jury and divested to County Court. In contemplation of plea negotiations, defense counsel advised the People in a January 21, 2014 letter that defendant was waiving his right to be released under CPL 190.80 until further written notice. The letter made no mention of defendant's statutory right to a speedy trial (*see* CPL 30.30).

Defense counsel then wrote an April 3, 2014 letter that revoked "both [defendant's] speedy trial waiver . . . and his right to be released under CPL 190.80," with those revocations taking effect on April 17, 2014. A grand jury handed up an indictment charging defendant with two counts of sexual abuse in the first degree on August 7, 2014 and, four days later, the People declared that they were ready for trial. Defendant, who was represented by new counsel by this point, moved to, among other things, dismiss the indictment upon the ground that his statutory right to a speedy trial had been violated. County Court agreed and dismissed the indictment, prompting this appeal by the People.

The People are obliged to declare their readiness for a felony trial within six months of the commencement of a criminal action, a period that is "determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (*People v Cortes*, 80 NY2d 201, 208

[1992]; *see* CPL 30.30 [1] [a]; *People v Scaringe*, 137 AD3d 1409, 1410 [2016], *lv denied* 28 NY3d 936 [2016]). The six-month period here began to run upon filing of the instruments on December 12, 2013. The People declared readiness for trial in a notice served upon defendant and County Court on August 11, 2014, approximately eight months later.

Defense counsel averred, having discussed the matter with defendant, that defendant did not waive his speedy trial rights at any point during those eight months (*see* CPL 210.45 [1]). This was sufficient to shift the burden to the People to show that any delay beyond the statutory maximum should be excluded (*see People v Barden*, 27 NY3d 550, 553 [2016]; *People v Scaringe*, 137 AD3d at 1411). The People endeavored to do so by averring that prior defense counsel had orally waived speedy trial protections from December 13, 2013 to April 17, 2014 in order to engage in plea negotiations. The People supported that claim by reference to the January 2014 letter waiving CPL 190.80 protections and, more importantly, the April 2014 letter revoking both that waiver and a speedy trial waiver. Defense counsel downplayed the speedy trial language in the April 2014 letter as having been inserted in error, noted the absence of any proof that a speedy trial waiver had been put in place to begin with, and reiterated that the waiver "was never made."

By revoking a waiver of defendant's statutory speedy trial right in his April 2014 letter, prior defense counsel unambiguously and explicitly acknowledged the existence of the waiver itself, and that acknowledgment did not need to be contemporaneous with the waiver to show its validity (*see People v Waldron*, 6 NY3d 463, 469 [2006]). That being said, the record contains no other proof of a speedy trial waiver and notably omits the sworn statements of defendant and his prior counsel, leaving it entirely plausible that prior defense counsel included the speedy trial language in the April 2014 letter in error. The People accordingly "show[ed] that there is a factual dispute" in response to defendant's claims (*People v Santos*, 68 NY2d 859, 861 [1986]), but neither they nor defendant "conclusively" established an entitlement to success on the merits (CPL 210.45 [4] [c]; [5] [c]). Thus, County Court erred in granting the motion without conducting a hearing, and we remit so that it may do so (*see* CPL 210.45 [6]; *People v Berkowitz*, 50 NY2d 333, 349 [1980]; *People v Allard*, 113 AD3d 624, 626 [2014]; *People v Smith*, 245 AD2d 534, 534 [1997]).

McCarthy, J.P., Egan Jr., Rose and Clark, JJ., concur. Ordered that the order is reversed, on the law, and matter

remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.