People v Matteson (2018 NY Slip Op 07976)





People v Matteson


2018 NY Slip Op 07976


Decided on November 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 21, 2018

108261

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ADAM J. MATTESON, Appellant.

Calendar Date: October 9, 2018

Before: McCarthy, J.P., Devine, Mulvey, Rumsey and

Pritzker, JJ.

Lisa A. Burgess, Indian Lake, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jeffrey C. Kehm of counsel), for respondent.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeals (1) from a judgment of the Supreme Court (Lawliss, J.), rendered January 25, 2016 in Clinton County, convicting defendant upon his plea of guilty of the crimes of strangulation in the second degree, aggravated family offense in the second degree and assault in the third degree, and (2) by permission, from an order of said court, entered November 22, 2017 in Clinton County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
On September 29, 2014, defendant was charged by felony complaint with several crimes arising from an incident the previous day in which he attacked his former girlfriend. The matter remained pending in Plattsburgh Town Court until March 2015, at which point it was removed to Supreme Court. In July 2015, an indictment was handed up charging defendant with crimes related to the September 2014 incident. On August 3, 2015, defendant was arraigned on the indictment and the People announced readiness for trial. Defendant later pleaded guilty to the crimes of strangulation in the second degree, aggravated family offense in the second degree and assault in the third degree. Supreme Court sentenced him, as a second felony offender, to concurrent terms of imprisonment with an aggregate maximum of seven years, plus five years of postrelease supervision. Defendant subsequently moved to vacate his judgment of conviction, [*2]arguing that his counsel was ineffective for failing to raise a statutory speedy trial claim (see CPL 440.10 [1] [h]). Supreme Court denied the motion, without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.
Supreme Court erred in denying defendant's CPL 440.10 motion without a hearing. Defendant argued that he was deprived of effective assistance because his counsel failed to move to dismiss the indictment based on a violation of his statutory speedy trial rights. Failure to make a meritorious speedy trial motion, which would result in dismissal of the indictment, is sufficiently egregious to amount to ineffective assistance (see People v Devino, 110 AD3d 1146, 1147 [2013]; People v St. Louis, 41 AD3d 897, 898 [2007]; People v Garcia, 33 AD3d 1050, 1052 [2006], lv denied 9 NY3d 844 [2007]). There is ordinarily no strategic reason for counsel to fail to make a dispositive motion that would result in dismissal of the charges with prejudice, so long as it is shown that the motion would have been successful (see People v Johnson, 296 AD2d 594, 594 [2002], lv denied 99 NY2d 537 [2002]; People v O'Connell, 133 AD2d 970, 971 [1987]; compare People v Fay, 154 AD3d 1178, 1181 [2017], lv denied 30 NY3d 1115 [2018]).
Defendant's motion papers showed, and the People agreed, that there was a delay of 308 days between commencement of the criminal action on September 29, 2014 and the People's declaration of readiness on August 3, 2015. As defendant only conceded that 28 of those days were excludable, the burden on a speedy trial motion would shift to the People to establish that other periods should be excluded (see People v Barden, 27 NY3d 550, 553 [2016]). "Generally, the burden is on the People to establish their entitlement to exclude any prereadiness delays from the calculation under a CPL 30.30 motion" (People v Robinson, 67 AD3d 1042, 1044 [2009], lv denied 13 NY3d 910 [2009]; see People v Miller, 113 AD3d 885, 887 [2014]; People v Pope, 96 AD3d 1231, 1232 [2012], lv denied 20 NY3d 1064 [2013]), "with no burden being placed on the defendant" (People v Barden, 27 NY3d at 556). The People submitted affirmations and an affidavit from the Assistant District Attorneys who had represented the People at appearances in Town Court, along with their abbreviated file notes from those appearances, asserting that defense counsel requested or consented to numerous adjournments. The prosecutors' averments were based upon information and belief, with the source of that information being the People's file. According to the People, exclusion of those time periods consented to by defendant would reduce the unexcused delay to less than six months, such that defendant's speedy trial rights were not violated (see CPL 30.30 [1] [a]; [4] [b]). Defendant's reply disputed the propriety of the suggested exclusions.
Under the speedy trial statute, a court can exclude any "period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his [or her] counsel" (CPL 30.30 [4] [b]; see People v Barden, 27 NY3d at 553; People v Worley, 66 NY2d 523, 527 [1985]). The Court of Appeals has clarified that " [a]djournments consented to by the defense must be clearly expressed to relieve the People of the responsibility for that portion of the delay. Defense counsel's failure to object to the adjournment or failure to appear does not constitute consent" (People v Smith, 82 NY2d 676, 678 [1993]; accord People v Barden, 27 NY3d at 553). A court may not deny a motion to dismiss for a statutory speedy trial violation "without a hearing unless '[a]n allegation of fact essential to support the motion is conclusively refuted by unquestionable proof'" (People v Reid, 102 AD2d 835, 836 [1984], quoting CPL 210.45 [5] [c]). " Of course, only those periods for which the People have not provided 'unquestionable documentary proof' — for example, a transcript or letter evidencing defendant's consent — need be addressed at any hearing" (People v Allard, 28 NY3d 41, 46 n [*3][2016], quoting CPL 210.45 [5] [c]). At least one court has held that "calendar and file jacket notations" do not constitute unquestionable proof to meet the People's "burden of demonstrating sufficient excludable time" (People v Jackson, 225 AD2d 794, 795 [1996]). That conclusion is reasonable because such notations represent simply one person's interpretation of the proceedings. Because the People provided some evidence of, but did not conclusively establish, their entitlement to success on a statutory speedy trial motion, and that issue would be dispositive on defendant's CPL 440.10 motion, a hearing was necessary to determine whether defense counsel actually requested or consented to any or all of the numerous adjournments as alleged by the People (see People v Rousaw, 151 AD3d 1179, 1180 [2017]). Accordingly, we reverse the order and remit for Supreme Court to hold a hearing on the motion. As defendant did not make any arguments challenging the judgment of conviction itself, we affirm that judgment.
Devine, Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.
ORDERED that the order is reversed, on the law, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.