People v Dillon (2018 NY Slip Op 08846)





People v Dillon


2018 NY Slip Op 08846


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND TROUTMAN, JJ.


1339 KA 15-01964

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GUY DILLON, JR., DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CRAIG P. SCHLANGER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered March 13, 2015. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law
§ 140.25 [2]) and petit larceny (§ 155.25). Defendant contends that Supreme Court erred in denying his pro se speedy trial motion because defense counsel did not execute a valid written waiver of defendant's statutory speedy trial rights prior to the expiration of the six-month time period in which the People were required to be ready for trial (see CPL 30.30 [1] [a]). That contention is raised for the first time on appeal and thus is not preserved for our review (see generally People v Beasley, 16 NY3d 289, 292 [2011]; People v Goode, 87 NY2d 1045, 1047 [1996]). In any event, we conclude that the contention is without merit. It is undisputed that defendant met his initial burden "of alleging that the People were not ready for trial within the statutorily prescribed time period" (People v Allard, 28 NY3d 41, 45 [2016]), and the burden therefore shifted to the People to demonstrate "sufficient excludable time" (People v Kendzia, 64 NY2d 331, 338 [1985]). The People met their burden by establishing that defense counsel orally waived defendant's speedy trial rights within the statutory period, thus extending the time for the People to proceed with prosecution (see People v Wheeler, 159 AD3d 1138, 1141 [3d Dept 2018], lv denied 31 NY3d 1123 [2018]; see generally People v Dickinson, 18 NY3d 835, 836 [2011]). The written waiver produced by the People here establishes the validity of the oral waiver (cf. People v Rousaw, 151 AD3d 1179, 1180 [3d Dept 2017]). We reject defendant's further contention that the sentence is unduly harsh and severe. We have considered defendant's remaining contention and conclude that it lacks merit.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court