People v Badji (2019 NY Slip Op 02660)





People v Badji


2019 NY Slip Op 02660


Decided on April 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2019

Renwick, J.P., Richter, Tom, Kahn, Moulton, JJ.


8942 2641/15

[*1]The People of the State of New York, Respondent,
v
Frederic Badji, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Karen Schlossberg of counsel), for respondent.



Judgment, Supreme Court, New York County (Anthony J. Ferrara, J.), rendered April 1, 2016, convicting defendant, after a jury trial, of attempted grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, and three counts of grand larceny in the fourth degree, and sentencing him to an aggregate term of six months, with 4½ years' probation, unanimously affirmed.
Regarding defendant's unauthorized use of the victim's Uber account, defendant failed to preserve his challenges to evidence of the victim's communications with the Uber driver regarding defendant's identity, and we decline to review them in the interest of justice. As an alternative holding, we find these arguments unavailing, except that to the extent the victim testified that the driver confirmed that he recognized defendant's photo, that testimony was inadmissible hearsay. The error, however was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).
We have considered defendant's remaining evidentiary rulings and find them unavailing. We also find that defendant's challenge to the sufficiency of his larceny conviction based on his theft of the victim's credit card is unavailing, notwithstanding the absence of proof that defendant was in possession of the physical credit card when he used intangible credit card information to make purchases (see People v Barden, 117 AD3d 216, 230-236 [1st Dept 2014], revd on other grounds 27 NY3d 550 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2019
CLERK