| People v Johnson |
| :---: |
| 2022 NY Slip Op 34815(U) |
| September 21, 2022 |
| County Court, Westchester County |
| Docket Number: Indictment No. 70886-22 |
| Judge: Robert J. Prisco |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

     -against-

FABIAN JOHNSON,

                     Defendant.
-------------------------------------------------------------------x

SPEEDY TRIAL HEARING
DECISION & ORDER

Indictment No.: 70886-22

FILED

OCT 2 4 2022

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

ROBERT J. PRISCO, J.

    On July 8, 2021, a felony complaint was filed against the defendant, Fabian Johnson. As a criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court under CPL § 1.20 (17)), the criminal action against Mr. Johnson therefore commenced on July 8, 2021. In addition, because Mr. Johnson was accused of a felony within the accusatory complaint, the People were required to be ready for trial within six months of that date, pursuant to CPL § 30.30 (1) (a). Accordingly, absent excludable delay, the People were required to be ready for trial within 184 days of July 8, 2021, since there are 184 days between July 8, 2021 and January 8, 2022.

    The Certificate of Compliance and the Statement of Readiness in connection therewith were served and filed on April 20, 2022, which means that they were served and filed 287 days from the July 8, 2021 date on which the felony complaint was filed; 103 days beyond the 184 days permitted, absent excludable delays. "Once a defendant has sufficiently alleged that the People were not ready within the statutory period, 'the People [have] the burden of showing their entitlement to a statutory exclusion'" (*People v Brown*, 28 NY3d 392, 403 [2016], quoting *People v Luperon*, 85 NY2d 71, 81 [1995]; *see People v Santos*, 68 NY2d 859, 861 [1986]; *People v Berkowitz*, 50 NY2d 333, 349 [1980]). Thus, the People have the burden in this case of showing their entitlement to 103 days of statutory exclusion.

    On September 6, 2022, pursuant to a Decision & Order of this Court dated July 29, 2022, a hearing was held to determine whether Defendant has been denied his right to a speedy trial. Transcripts of proceedings in the Mount Vernon City Court on 7/21/21, 7/28/21, 9/14/21, 10/19/21, 11/16/21, 2/24/22 and 3/31/22 were received in evidence without objection as People's Exhibits 1

through and including 7, respectively. After consideration of the evidence presented and the applicable law thereto, the Court decides as follows:

### July 8, 2021 to July 9, 2021:

Mr. Johnson was arraigned in the Mount Vernon City Court on July 9, 2021, one day after the filing of the felony complaint.

As the 1 day period of delay from the filing of the felony complaint on July 8, 2021 to his arraignment on July 9, 2021 is not a recognized excludable time period pursuant to CPL § 30.30 (4), it is properly chargeable to the People.

### July 9, 2021 to July 15, 2021:

While this Court is not in receipt of a Mount Vernon City Court transcript for this time period, counsel have agreed that the adjournment from July 9, 2021 to July 15, 2021 is properly chargeable to the People.

Accordingly, the 6 day period of delay from July 9, 2021 to July 15, 2021 is properly chargeable to the People.

### July 15, 2021 to July 19, 2021:

While this Court is not in receipt of a Mount Vernon City Court transcript for this time period, counsel have agreed that the adjournment from July 15, 2021 to July 19, 2021 is excludable.

Accordingly, the 4 day period of delay from July 15, 2021 to July 19, 2021 is properly excludable from the speedy trial calculations.

### July 19, 2021 to July 21, 2021:

While this Court is not in receipt of a Mount Vernon City Court transcript for this time period, counsel have agreed that the adjournment from July 19, 2021 to July 21, 2021 is excludable.

Accordingly, the 2 day period of delay from July 19, 2021 to July 21, 2021 is properly excludable from the speedy trial calculations.

### July 21, 2021 to July 28, 2021:

Pursuant to the transcript of the Mount Vernon City Court proceeding on July 21, 2021

[* 2]

(People's Exhibit 1), that Court was advised by the People that an unrelated matter pertaining to the defendant had been indicted but that the instant matter had not. The People thereafter placed on the record that "defense counsel [Attorney MacDonald, who was not present] had asked for next week, Wednesday July 28th for all purposes."

As this Court finds that People's Exhibit 1 supports a finding that the 7 day period of delay from July 21, 2021 to July 28, 2021 was the result of a continuance granted by the court at the request of Defendant's counsel, it is properly excludable and not charged to the People pursuant to CPL § 30.30 (4) (b).

### July 28, 2021 to September 14, 2021:

Pursuant to the transcript of the Mount Vernon City Court proceeding on July 28, 2021 (People's Exhibit 2), Defendant was released on his own recognizance pursuant to CPL § 180.80 and when the Mount Vernon City Court judge asked for the date and purpose of the next adjournment date, Mr. MacDonald stated "I am waiting for the Supreme Court arraignment date" [referring to the unrelated indicted matter] and explicitly asked "Can you do the 14th of September?," after which the Mount Vernon City Court judge set the next appearance date for September 14th.

As this Court finds that People's Exhibit 2 supports a finding that the 48 day period of delay from July 28, 2021 to September 14, 2021 was the result of a continuance granted by the court at the request of Defendant's counsel, it is properly excludable and not charged to the People pursuant to CPL § 30.30 (4) (b).

### September 14, 2021 to October 19, 2021:

Pursuant to the transcript of the Mount Vernon City Court proceeding on September 14, 2021 (People's Exhibit 3), that Court was advised by Mr. MacDonald that Defendant had been arraigned on the unrelated matter by Acting Supreme Court Justice Robert Neary on September 10th. Mr. MacDonald then advised the Mount Vernon City Court judge that Defendant had not been indicted on this matter, that it was still pending in the Mount Vernon City Court, and that he was "just going to ask for a new date to figure out what's happening with that." When asked by the People if he wants to go out 3 weeks, Mr. MacDonald responded, "Yes, can I go over to the 19th?," after which the case is adjourned until October 19, 2021.

[* 3]

As this Court finds that People's Exhibit 3 supports a finding that the 35 day period of delay from September 14, 2021 to October 19, 2021 was the result of a continuance granted by the court at the request of Defendant's counsel, it is properly excludable and not charged to the People pursuant to CPL § 30.30 (4) (b).

## October 19, 2021 to November 16, 2021

Pursuant to the transcript of the Mount Vernon City Court proceeding on October 19, 2021 (People's Exhibit 4), Mr. MacDonald was not present on that date and the Mount Vernon City Court judge adjourned Mr. Johnson's case until November 16, 2021. While not reflected in People's Exhibit 4, Mr. MacDonald candidly advised this Court during the hearing that he was not present in the Mount Vernon City Court on October 19, 2021, because he was on trial in Hackensack, New Jersey, on an unrelated matter.

CPL § 30.30 (4) (f) excludes the period of delay when defendant is without counsel through no fault of the court and this provision has been held to exclude from speedy trial consideration adjournments predominantly caused by defense counsel's failure to appear on a scheduled court date, irrespective of the People's lack of readiness (*see People v Huger*, 167 AD3d 1042, 1043-1044 [2d Dept 2018], *lv. denied* 33 NY3d 949 [2019], *reconsid. denied* 33 NY3d 1032 [2019]; *People v Reed*, 19 AD3d 312, 318 [1st Dept 2005], *lv. denied* 5 NY3d 832 [2005]; *People v Clark*, 11 AD3d 706, 706 [2d Dept 2004], *lv. denied* 4 NY3d 762 [2005]; *People v Mannino*, 306 AD2d 157, 158 [1st Dept 2003], *lv. denied* 100 NY2d 643 [2003]; *People v Brown*, 195 AD2d 310, 311 [1st Dept 1993], *lv. denied* 82 NY2d 891 [1993]; *People v Chang*, 160 AD2d 469, 469 [1st Dept 1990], *lv. denied* 76 NY2d 786 [1990]).

As this Court finds that People's Exhibit 4 supports a finding that the 28 day period of delay from October 19, 2021 to November 16, 2021 was the result of Defendant being without counsel due to Mr. MacDonald's trial engagement on another matter and, thus, through no fault of the Court, it is properly excludable and not charged to the People pursuant to CPL § 30.30 (4) (f) (*see also People v Cox*, 161 AD3d 1100, 1101 [2d Dept 2018]; *People v Brown*, 149 AD3d 584, 584 [1st Dept 2017], *lv. denied* 29 NY3d 1124 [2017]).

[* 4]

**November 16, 2021 to December 8, 2021**

Pursuant to the transcript of the Mount Vernon City Court proceeding on November 16, 2021 (People's Exhibit 5), Mr. MacDonald was not present on that date and the Mount Vernon City Court judge adjourned Mr. Johnson's case until December 8, 2021. While not reflected in People's Exhibit 5, Mr. MacDonald candidly advised this Court during the hearing that he was not present in the Mount Vernon City Court on November 16, 2021, because he was on trial in the Westchester County Courthouse with Judge Neary.

For the reasons set forth above regarding the October 19, 2021 to November 16, 2021 time period, this Court finds that People's Exhibit 5 supports a finding that the 22 day period of delay from November 16, 2021 to December 8, 2021 was the result of Defendant being without counsel due to Mr. MacDonald's trial engagement on another matter and, because said delay was through no fault of the Court, it is properly excludable and not charged to the People pursuant to CPL § 30.30 (4) (f).

**December 8, 2021 to February 24, 2022**

While People's Exhibit 5 set forth that Mr. Johnson's case was adjourned from November 16, 2021 to December 8, 2021, this Court is not in receipt of a Mount Vernon City Court transcript for December 8, 2021.

During the hearing, this Court was advised by counsel that Mr. Johnson's case was adjourned in the Mount Vernon City Court on December 8, 2021 to December 22, 2021, on December 22, 2021 to January 3, 2022, on January 3, 2022 to January 20, 2022, on January 20, 2022 to February 7, 2022, and on February 7, 2022 to February 24, 2022. The People conceded that the 14, 12, 17, 18, and 17 days of delay attributed to those time periods, respectively, are chargeable to the People.

Accordingly, the 78 day period of delay from December 8, 2021 to February 24, 2022 is properly chargeable to the People.

**February 24, 2022 to March 31, 2022:**

Pursuant to the transcript of the Mount Vernon City Court proceeding on February 24, 2022 (People's Exhibit 6), the People were not ready to proceed with the scheduled "felony hearing" on that day and the People requested a two-week adjournment. When asked by the Mount

[* 5]

Vernon City Court judge if he would be available in two weeks, Mr. MacDonald responded that he would not, as he was scheduled to select a jury in Manhattan. Mr. MacDonald then advised the Mount Vernon City Court judge that he would be ready the week of March 28, 2022, and specifically stated that he "can do March 31st."

As the People requested a two-week adjournment, they are properly charged with the 14 day period of delay from February 24, 2022 to March 10, 2022.

As Mr. MacDonald advised the Mount Vernon City Court judge that he was unavailable to appear in that court in two weeks and explicitly stated that he could appear on March 31, 2022, after which the judge adjourned Mr. Johnson's case until that date, the 21 day period of delay from March 10, 2022 to March 31, 2022 was the result of a continuance granted by the court at the request of Defendant's counsel and is, therefore, excludable and not charged to the People pursuant to CPL § 30.30 (4) (b) (*see People v Barden*, 27 NY3d 550, 554-555 [2016]; *People v Fuller*, 8 AD3d 204, 205 [1st Dept 2004], *lv. denied* 3 NY3d 706 [2004]; *People v Matthews*, 227 AD2d 313, 314 [1st Dept 1996], *lv. denied* 88 NY2d 989 [1996]) .

### March 31, 2022 to April 20, 2022

Pursuant to the transcript of the Mount Vernon City Court proceeding on March 31, 2022 (People's Exhibit 7), neither Mr. MacDonald nor Mr. Johnson were present. The Mount Vernon City Court judge placed on the record that Mr. Johnson was not produced because "He is in another court." Attorney Robert Gross, who is listed on the cover page of People's Exhibit 7 as standing in for Mr. MacDonald, then stated "How about 4/26 at 2 pm for a felony hearing?," after which the Mount Vernon City Court judge adjourned the matter to that date for that purpose. When asked by the Court if the People were ready, ADA Craig Ascher admitted that they were not ready to proceed with the scheduled felony hearing and requested a two-week adjournment. The Court responded that "they [presumably meaning the defense] are taking the additional time for the record" and no objection by Mr. Gross is noted on the record.

As the People requested a two-week adjournment, they are properly charged with the 14 day period of delay from March 31, 2022 to April 14, 2022.

As Mr. Gross explicitly requested April 26, 2022, which is 12 days greater than what the People were requesting as an adjourn date, the 12 day period of delay from April 14, 2022 to April 26, 2022 would have been excludable and not charged to the People pursuant to CPL § 30.30 (4)

(b) as it was the result of a continuance granted by the court at the request of an attorney acting as Defendant's counsel.

However, since the Certificate of Compliance and the Statement of Readiness were served and filed on April 20, 2022, thereby stopping the speedy trial clock, only the 6 day period of delay from April 14, 2022 to April 20, 2022 is properly excludable and not charged to the People pursuant to CPL § 30.30 (4) (b), as those dates were within the time period requested by Mr. Gross.

Accordingly, while the People had the burden of showing their entitlement to 103 days of excludable delay within the July 8, 2021 to April 20, 2022 time frame, they have demonstrated that they are actually entitled to 173 days of statutorily excludable delay pursuant to CPL § 30.30 (4). I therefore find that, absent that amount of excludable delay, the People did announce their readiness for trial within the statutorily permitted 6 month timeframe of CPL § 30.30 (1) (a), and Defendant's motion to dismiss Indictment #70886-22/001 on the ground that they did not is denied.

The foregoing constitutes the Decision and Order of this Court.

Dated: White Plains, New York
      September 21, 2022

HONORABLE ROBERT J. PRISCO
County Court Judge

TO:    Assistant District Attorney Rachel Ehrhardt (in person)
        Angelo MacDonald, Esq. (in person)