People v Kopald (2023 NY Slip Op 50452(U))

[*1]

People v Kopald (Deborah)

2023 NY Slip Op 50452(U)

Decided on April 20, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 20, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2022-396 OR CR

The People of the State of New York, Appellant, 
against
Deborah Kopald, Respondent. 

Orange County District Attorney (Edward D. Saslaw of counsel), for appellant.
Sussman & Associates (Eli Siems and Michael Sussman of counsel), for respondent.

Appeal from an order of the Justice Court of the Town of Cornwall, Orange County (Lynn A. Beesecker, J.), dated February 23, 2022. The order granted defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the order is affirmed.
On July 7, 2021, the People filed an accusatory instrument in the Justice Court of the Town of Highlands charging defendant with harassment in the second degree (Penal Law § 240.26 [1]). On or about July 9, 2021, defendant received a phone call instructing her to appear in the Highlands Justice Court on July 14, 2021 for arraignment. On July 14th, defendant appeared before the Highlands Justice Court but was advised that she would not be arraigned that day because the presiding justice, Justice Alexandra Bourne, was going to recuse herself from the matter, and the matter was adjourned. On July 20, 2021, Justice Bourne and the only other justice of the Highlands Justice Court, Justice Gregory D. Stewart, each signed a certification recusing themselves from this matter. Thereafter, by affirmation to the Orange County Court dated August 6, 2021 and filed August 9, 2021, the People moved, pursuant to CPL 170.15 (3) (a), to transfer the case from the Highlands Justice Court to another local criminal court in Orange County. By order dated August 16, 2021, the County Court transferred the case to the Justice Court of the Town of Cornwall. The Cornwall Justice Court received the case file from the Highlands Justice Court on August 30, 2021 and scheduled defendant's arraignment for September 16, 2021. At defense counsel's request, the arraignment was rescheduled to October 21, 2021.
On October 28, 2021, defendant moved to dismiss the accusatory instrument on statutory speedy trial grounds. The People opposed, arguing, among other things, that the period from July 14 to September 16, 2021 was excludable for the transfer of the case from the Highlands Justice Court to the Cornwall Justice Court, pursuant to either CPL 30.30 (4) (a) ("other proceedings concerning the defendant") or (g) ("exceptional circumstances"). By order dated February 23, 2022, the Cornwall Justice Court granted defendant's motion after finding 40 days chargeable, consisting of the 23-day period from July 14 to August 6, 2021 and the 17-day period from August 30 to September 16, 2021.
Since defendant was charged with a violation, the People were required to be ready for trial within 30 days of the filing of the accusatory instrument (see CPL 1.20 [17]) or defendant's first appearance in court on an appearance ticket (see CPL 30.30 [1] [d]; [7] [b]). Once defendant has shown the existence of a delay greater than 30 days, " 'the People [have] the burden of showing their entitlement to a statutory exclusion' " (People v Brown, 28 NY3d 392, 403 [2016], quoting People v Luperon, 85 NY2d 71, 81 [1995]; see People v Cortes, 80 NY2d 201, 215-216 [1992]; People v Berkowitz, 50 NY2d 333, 349 [1980]). The People's failure to be ready within this statutory period or make a sufficient showing of days that were excludable requires dismissal of the accusatory instrument (see People v Berkowitz, 50 NY2d at 349).
It is undisputed that the People had not declared readiness at any point prior to defendant's motion. "[P]re-readiness delays arising from court congestion or court scheduling problems are chargeable to the People, because court delays do not prevent the People from being ready or declaring readiness in a written off-calendar statement" (People v Barden, 27 NY3d 550, 553 [2016]; see People v Chavis, 91 NY2d 500, 504 [1998]; People v Smith, 82 NY2d 676, 678 [1993]; People v Kendzia, 64 NY2d 331, 337-338 [1985]; People v Brothers, 50 NY2d 413, 417-418 [1980]). The Cornwall Justice Court correctly charged the People with the 23-day period from July 14 to August 6, 2021 and the 17-day period from August 30 to September 16, 2021, as these periods were "pre-readiness delays arising from court congestion or court scheduling problems" (People v Barden, 27 NY3d at 553). The People failed to meet their " 'burden of showing their entitlement to a statutory exclusion' " (People v Brown, 28 NY3d at 403, quoting People v Luperon, 85 NY2d at 81) with respect to these periods (cf. People v Mayer, 1 Misc 3d 135[A], 2003 NY Slip Op 51656[U] [App Term, 9th & 10th Jud Dists 2003]). Moreover, contrary to the People's contention, CPL 245.10 did not prevent the People from being ready or declaring readiness prior to defendant's arraignment (see CPL 245.10 [1] [a] [ii] ["the prosecution shall perform its initial discovery obligations under (CPL 245.20 [1]) as soon as practicable but not later than . . . thirty-five calendar days after the defendant's arraignment"] [emphasis added]).
In view of the foregoing, we need not reach the issue of the commencement date of this action.
Accordingly, the order is affirmed.
GARGUILO, P.J., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 20, 2023