People v Vasquez (2024 NY Slip Op 51629(U))

[*1]

People v Vasquez

2024 NY Slip Op 51629(U)

Decided on December 2, 2024

Justice Court Of The Town Of Haverstraw, Rockland County

Coffinas, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 2, 2024
Justice Court of the Town of Haverstraw, Rockland County

The People of the State of New York,

against
Viviana Vasquez, Defendant.

Case No. 24010014

Geroge G. Coffinas, J.

The defendant has moved to dismiss the accusatory instruments due to a violation of Criminal Procedure Law ("CPL") § 30.30. In support of the motion, defendant filed a Notice of Motion dated June 27, 2024, the affirmation of Yvonne Garbett, Esq., dated June 27, 2024, and the reply of Yvonne Garbett, Esq., dated August 19, 2024, with two exhibits annexed thereto. In opposition to the motion the People have submitted the affirmation of Kaitlin DeLuca, Esq., dated August 8, 2024, with one exhibit annexed thereto. On October 7, 2024 the Court directed counsel for both parties to submit caselaw on the issue of the chargeability, for purposes of CPL § 30.30, of an adjournment occasioned by the unavailability of the Court. In response thereto, defendant submitted a further reply dated October 30, 2024.[FN1]

Oral argument by counsel for both parties was heard by the Court on November 18, 2024.
Upon reading the foregoing papers and hearing the arguments of counsel, and having given due consideration thereto, the Court decides as follows.
In this criminal action the defendant is charged in three Simplified Traffic Informations with violations of Vehicle and Traffic Law ("VTL") §§ 1192 (3) (a misdemeanor), 1128 (A) (a traffic infraction) and 1129 (A) (a traffic infraction). In the instant case, the statutory speedy trial period commenced on January 29, 2024, the date on which the defendant first appeared in court and was arraigned. The People announced readiness for trial by the filing of a Certificate of Compliance, which contained a "Statement of Readiness," on May 29, 2024, a period of 121 days subsequent to the defendant's arraignment. The issue presented in this motion is whether, and if so, to what extent, any periods of time in that 121 day span are excludable and thus not [*2]chargeable to the People, and whether, after deducting any excludable time, the dictates of CPL § 30.30 have been satisfied.
For the reasons set-forth hereinbelow, the defendant's motion is granted and this action is hereby dismissed.
 The Relevant Chronology
The table below sets-forth the chronology of court appearances and other relevant events in this matter, based upon a review of the Court's file.

DATE

EVENT

NUMBER OF DAYS FROM AND INCLUDING PRECEDING DATE

 

01/29/24

Court Appearance 
 Arraignment; adjourned to 3/4/24

0

03/04/24

Court Appearance 
 Defendant requests adjournment; adjourned to 3/18/24

35 [FN2]

03/18/24

No Court Appearance 
 Administratively adjourned to 4/1/24 due to illness of 
 Justice Grant

15

04/1/24

Court Appearance 
 Dft. Atty did not appear; adjourned to 4/8/24

15

04/08/24

Court Appearance 
 Dft. Arraigned on summons (Case No. 24010007); 
 adjourned for evaluation/discovery. Adjourned to 4/29/24

8

[*3]04/29/24

Court Appearance 
 Adjourned for discovery/plea offer rejected; adjourned to 
 5/20/24.

22

05/20/24

Court Appearance 
 No COC to date; adjourned to 6/4/24 for COC

22

05/29/24

No Court Appearance 
 COC received by court

10

TOTAL DAYS ELAPSED SINCE 1/29/24

121

Discussion
The most serious charge filed against the defendant herein, a violation of VTL 1192 (3), is a misdemeanor which is punishable by, inter alia, a sentence of imprisonment for not more than one year. VTL 1193 (1) (b). Accordingly, the People were obligated to announce their readiness within 90 days of the commencement of the action. CPL § 30.30 (1) (b). 
The CPL § 30.30 time period began to run on the date of the defendant's first physical appearance in court, at her arraignment, on January 29, 2024. CPL § 30.30 (7) (b). See also People v. Stirrup, 91 NY2d 434 (1998). Accordingly, absent any adjustments for excludable time, the statutory speedy trial period expired on April 28, 2024, the 90th day following the defendant's initial appearance.
The Court received a Certificate of Compliance and Statement of Readiness from the People on May 29, 2024. The period of time from, but not including, January 29, 2024, to that date was 121 days. People v. Stiles, 70 NY2d 765 (1987). (The date of commencement is excluded from speedy trial time.)
Defendant therefore met her initial burden for dismissal, by showing that the Statement of Readiness was not filed within the statutorily prescribed period. People v. Beasley, 16 NY3d 289 (2011). The burden then shifted to the prosecution to show excludable periods sufficient to reduce the period of delay to a number of days within the dictates of CPL § 30.30. People v. Berkowitz, 50 NY2d 333, 349 (1980).
The People, in their opposition to the motion, assert that the adjournments from March 4 to March 18 (15 days), from March 18 to April 1 (15 days), and from April 1 to April 8 (8 days), should not be charged to the People. DeLuca Affm., ¶¶ 19-22. The total number of these days is 38, which if deducted from the 121 days that it took the prosecution to file a Statement of Readiness, would mean that the People satisfied their statutory speedy trial obligation. However, all three adjournments would have to be excludable for speedy trial requirements to be satisfied, i.e., if any one of the three periods is not excludable then the People have run afoul of CPL 30.30. The People also argue that the defendant suffered no prejudice as a result of the [*4]March 18th adjournment.
Initially, the Court will dispose of this last argument: lack of prejudice to the defendant is irrelevant for purposes of CPL § 30.30 (as opposed to a federal constitutional speedy trial analysis). People v. Friscia, 70 AD2d 709 (3d Dep't 1979).
We turn now to the question of whether or not the three adjournments, or any of them, are excludable from speedy trial time. The first adjournment the Court will address is the March 18th administrative adjournment which was occasioned by the illness of Judge Grant, to whom this matter was then assigned.
Our analysis begins with CPL § 245.50, which section is part of the revised discovery statute that became effective on January 1, 2020. Specifically, CPL § 245.50 (3) provides as follows:
Trial readiness. Notwithstanding the provisions of any other law, absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial for purposes of section 30.30 of this chapter until it has filed a proper certificate [of compliance] pursuant to subdivision one of this section.
It is to be observed that a Statement of Readiness and a Certificate of Compliance may be filed with the court and served on defense counsel at any time, i.e., not just at scheduled court appearances. People v. Smith, 82 NY2d 676 (1993); See also People v. Cenat, 176 Misc 2d 39, (NYC Crim. Ct. 1997).
The general rule, as enunciated by the Court of Appeals, is that delays caused by court congestion are chargeable to the People. People v. Barden, 27 NY3d 550 (2016). As the Court in Barden explained, the rule is "premised on the idea that such delays do not inhibit the People from declaring readiness in writing, through an off-calendar statement." Id., at 556. Thus, in Barden the indictment was dismissed on statutory speedy trial grounds where "the People could have filed an off-calendar statement of readiness at any time to stop the speedy trial clock, but they never did so." Id.
The precise question here, the chargeability of an adjournment caused by the illness of the assigned judge, appears to be one of first impression. However, there is no logical reason for distinguishing such an adjournment from any other administrative or sua sponte adjournment by a court. Nothing prevented the People from filing their Statement of Readiness in the days following the March 18th adjournment in an off-calendar filing. The rule in Barden is controlling: the fifteen days attributable to the March 18th adjournment are chargeable to the people. Accordingly, even if both of the other two adjournments cited by the People (March 4th (15 days) and April 1st (8 days)) were deemed excludable, the prosecution would still be eight days over the CPL 30.30 limitation (121 less 23 equals 98). Thus, the Court need not reach the question of whether those two adjournments are excludable.
Accordingly, it is hereby
ORDERED, that the defendant's motion is granted and this action is hereby dismissed.
Dated: December 2, 2024
Garnerville, New York
ENTER.
Hon. GEORGE G. COFFINAS,
Town Justice, Town of Haverstraw

Footnotes

Footnote 1:Both of defendant's replies are titled "Reply to People's Opposition of Defendant's Motion to Dismiss." The documents appear to be hybrid memoranda of law and purported affirmations, although they are not affirmed under penalties of perjury. The Court will however overlook this irregularity, as they do bear the signature of defendant's attorney, and will consider the factual averments to be affirmed by counsel.

Footnote 2:The date of commencement is excluded from speedy trial time. People v. Stiles, 70 NY2d 765 (1987).