OPINION OF THE COURT
Paula J. Omansky, J.
Defendant was arrested on July 13, 1988 and charged with *1008 two counts of driving while intoxicated under Vehicle and Traffic Law § 1192 (2) and (3). Defendant was arraigned on July 14, 1988, and the People served notice under CPL 170.20 of their intention to present the case to the Grand Jury. The case was adjourned for that purpose to August 9, 1988. There being no Grand Jury action on that date, the case was further adjourned to September 13, 1988 for Grand Jury action.
On or about September 1, 1988, the People presented the case to the Grand Jury. The result was that the Grand Jury directed the People to file a prosecutor’s information charging the defendant with driving while intoxicated under Vehicle and Traffic Law § 1192 (2). The Supreme Court entered the appropriate order and the prosecutor’s information was duly filed in Criminal Court. On September 13, 1988, the adjourned date in Criminal Court, the case proceeded as a misdemeanor. Extensive motion practice followed until April 12, 1989, when the defendant filed his CPL 30.30 motion.
At issue is the 60-day period between July 14, 1988, when the misdemeanor complaint was filed, and September 13, 1988, when proceedings continued in Criminal Court. The defendant includes this time, and maintains that 145 days have passed since the misdemeanor complaint was filed, well past the 90 days applicable to misdemeanors. (CPL 30.30 [1] [b].)
Conceding that 85 days are properly chargeable to them, the People contend that the 90-day statutory time has not expired. With respect to the 60 days at issue: "It is the People’s position that the period from July 14, 1988 to September 13, 1988 is properly considered under CPL § 30.30 (5) (c) and (d) when CPL § 170.20 notice is given at arraignments. And that the September 13, 1988 adjournment when the case was reinstituted under the Criminal Court jurisdiction was the first day to be analyzed under the CPL § 30.30 (5) (c) 90 day applicable period.”
In essence the People are saying that the Criminal Court was deprived of jurisdiction when CPL 170.20 notice was given at arraignment on July 14, 1988, and the Criminal Court did not regain jurisdiction until September 13, 1988, when the prosecutor’s information was filed. The People conclude that in the absence of Criminal Court jurisdiction, the intervening 60-day period is properly considered under CPL 30.30 (5) (c): "where a criminal action is commenced by the filing of a felony complaint, and thereafter * * * a prosecutor’s information is filed pursuant to CPL 190.70”.
*1009 Local criminal courts have "[t]rial jurisdiction of misdemeanors concurrent with that of the superior courts but subject to divestiture thereof by the latter in any particular case.” (CPL 10.30 [1] [b].) CPL 170.20 provides that a local criminal court is divested of jurisdiction of a misdemeanor charged in an accusatory instrument when an indictment charging that misdemeanor is filed in superior court. (People v Phillips, 66 AD2d 696 [1st Dept 1978].) The statute also provides that the criminal court is deprived of jurisdiction if the Grand Jury dismisses the charge. (CPL 170.20 [2] [a].)
The Criminal Court must grant an adjournment when notice is given pursuant to CPL 170.20, and during the adjournment period a defendant has no right to plead guilty to the misdemeanor charge. (People v Barkin, 49 NY2d 901 [1980].) In effect, when the District Attorney serves notice under CPL 170.20 of his intention to present the charges to the Grand Jury, such notice stays the proceedings in Criminal Court for the period of the adjournment. (See, CPL 170.25.) However, it is not the action of the District Attorney in applying for an adjournment in contemplation of presenting the charge to the Grand Jury which deprives the Criminal Court of jurisdiction. (People v Snyder, 99 AD2d 83 [4th Dept 1984].) It is the action of the Grand Jury in voting an indictment or dismissing the charge which divests the Criminal Court of jurisdiction and terminates the proceedings in Criminal Court. (CPL 170.20 [2] [a].)
In this case, the Grand Jury did not vote an indictment nor dismiss the charges. Accordingly, the Criminal Court retained its misdemeanor jurisdiction.
The result of presenting the charges to the Grand Jury was a direction to the District Attorney to file a prosecutor’s information charging the defendant under Vehicle and Traffic Law § 1192 (2), as the Grand Jury had the legislative authority to do. (CPL 190.70.) The statute does not mention this as a possible result.* The reason is that CPL 170.20 describes *1010 action by the Grand Jury which divests the criminal court of jurisdiction. A Grand Jury direction to file a prosecutor’s information pursuant to CPL 190.70 results in vesting jurisdiction in the Criminal Court, if none existed before.
The filing of the prosecutor’s information in this case had no jurisdictional significance because the Criminal Court already had jurisdiction based on the misdemeanor accusatory instrument which had originally been filed. It did not "reinstitute” jurisdiction in the Criminal Court as the People contend; for there was no hiatus in the Criminal Court’s jurisdiction because of the action taken by the District Attorney pursuant to CPL 170.20 or because the Grand Jury considered the charges.
Accordingly, the applicable section of the speedy trial statute is CPL 30.30 (1) (b), and CPL 30.30 (5) (c) has no relevance. This action began by the filing of the misdemeanor complaint on July 14, 1988. The action continued in Criminal Court on September 13, 1988 when the prosecutor’s information was filed. The filing of the prosecutor’s information relates back to the original accusatory instrument for CPL 30.30 purposes. (People v Sinistaj, 67 NY2d 236 [1986]; People v Druskovic, 139 Misc 2d 318 [Crim Ct, NY County 1988].)
"[T]here can be only one criminal action for each set of criminal charges brought against a particular defendant, notwithstanding that the original accusatory instrument may be replaced or superseded during the course of action.” (People v Lomax, 50 NY2d 351, 356 [1980].)
The 60-day interval between July 14, 1988 and September 13, 1988 is chargeable as an adjournment granted at the People’s request pursuant to CPL 170.20, a mandatory adjournment to which the defendant could not have objected. The granting of the adjournment did not toll the running of speedy trial time. (People v Mulligan, 139 Misc 2d 1034 [Sup Ct, NY County 1988].) When the People move pursuant to CPL 170.20 to present charges to the Grand Jury, they do so "at their own peril.” (People v Jacquin, 127 Misc 2d 241, 244 [Nassau County Ct 1985].)
*1011 Adding these 60 days to the 85 days conceded by the People, a total of 145 days has passed since the commencement of this misdemeanor action. Defendant’s motion to dismiss pursuant to CPL 30.30 (1) (b) is granted.

 CPL 170.20 (2) provides in relevant part:
"Following the granting of such adjournment or adjournments, the proceedings must be as follows:
"(a) If such charge is presented to a grand jury within the designated period and either an indictment or a dismissal of such charge results, the local criminal court is thereby divested of jurisdiction of such charge, and all proceedings in the local criminal court with respect thereto are terminated.
*1010 "(b) If the misdemeanor charge is not presented to a grand jury within the designated period, the proceedings in the local criminal court must continue.”