■ In the Matter of ROBERT T. JOHNSON, as District Attorney of Bronx County, on Behalf of THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DYNDA L. ANDREWS, as a Judge of the Criminal Court of the City of New York, Bronx County, et al., Appellants.

At issue is whether CPL 170.20 (2) mandated that respondent Criminal Court Judge grant the People a further adjournment to enable them to present the pending misdemeanor charges to the Grand Jury before accepting the defendant's guilty plea and imposing sentence.

On July 1, 1989, one Jose Rivera was arraigned on misdemeanor charges that, on June 30, 1989, he operated a motor vehicle while under the influence of alcohol in violation of Vehicle and Traffic Law § 1192 (2) and (3). The Assistant District Attorney notified the court that the People intended to present the case to the Grand Jury inasmuch as the defendant had within the past ten years a prior conviction for driving while intoxicated. The defendant reserved his right pursuant to CPL 190.50 to testify before the Grand Jury in the event the case was presented; he was released on his own recognizance and the case was adjourned until August 14, 1989.

When the case was called on August 14th, there was a bench conference and the case was marked second call at which time the Assistant District Attorney advised the court that the People would present the case to the Grand Jury that day and asked if the defendant would testify. The defendant then withdrew his request to testify and, after another bench conference, offered to plead guilty to both misdemeanor charges in return for a promise of the maximum $1,000 fine on each charge.

The Assistant District Attorney objected to the court proceeding in light of the People's notification at arraignment that the case would be presented to the Grand Jury. Although, the transcript of the arraignment reflects such notification, it was apparently not available to the court, which found that there was no such indication on the papers before

it. Upon the assistant's argument that the two prior drunken driving convictions within the past ten years elevated the offenses charged to felonies, the court responded that such would be the case if the defendant were so charged, but he was not and the People had had a considerable amount of time since July 1st to present the case to the Grand Jury. The court then stated that there was no way it could prevent the defendant from pleading guilty to the pending misdemeanor charges. After noting that the assistant had failed to provide it with any authority as to why the plea should not be accepted, the court then accepted the defendant's guilty plea, over the People's strenuous objection, and imposed the promised sentence.

CPL 170.20 (2) provides, in pertinent part, that at any time before entry of a guilty plea or commencement of a trial on a local court accusatory instrument charging a misdemeanor, the District Attorney may apply for an adjournment of proceedings in the local criminal court on the ground that he or she intends to present the misdemeanor charge to a Grand Jury with a view to prosecuting it by indictment in a superior court:

"In such case, the local criminal court *must* adjourn the proceedings to a date which affords the district attorney *reasonable* opportunity to pursue such action, and *may* subsequently grant such further adjournments for that purpose as are *reasonable under the circumstances* * * *

"(b) If the misdemeanor charge is not presented to a grand jury within the designated period, the proceedings in the local criminal court *must* continue." (Emphasis added.)

As can be seen from the clear language of the statute, upon the People's initial request at the defendant's arraignment on July 1st, the court was mandated to grant it. However, some six weeks later after the People had not presented the case to a Grand Jury, the court was no longer under compulsion to grant a further request, even the one day adjournment implicitly requested by the Assistant District Attorney's statement that the case would be presented that day.

While it is settled that a defendant has no unconditional right to plead guilty, in a local criminal court, to misdemeanor charges against him or her where the prosecutor has concurrently requested an adjournment pursuant to CPL 170.20 (2) for the purpose of presenting the charges against the defendant to a Grand Jury *(People v Barkin,* 49 NY2d 901), it is clear that, where, as here, the Criminal Court has

denied the requested additional adjournment, accepted a valid plea and imposed a lawful sentence, there is no statutory authorization for the court to vacate such plea and sentence at the People's request and reinstate the original charges after the sentence has commenced. *(Matter of Campbell v Pesce,* 60 NY2d 165, 168.) Such rationale would apply equally here where a fine was imposed *(see, People v Tavano,* 67 AD2d 1090).* Indeed, in *Matter of Campbell (supra)* the plea accepted was admittedly illegal. *(See also, Matter of Kisloff v Covington,* 73 NY2d 445.) Our decision in *People v Pena* (169 AD2d 392, *lv denied* 78 NY2d 957), is not to the contrary, since there the District Attorney moved prior to sentencing to set aside the plea as unauthorized by statute. Similarly in *People ex rel. Leventhal v Warden* (102 AD2d 317), the conviction was found to be void. Here, on the other hand, the most that can be said is that the Criminal Court should have exercised its discretion and granted the additional one day adjournment requested by the People.

The extraordinary remedies of prohibition and mandamus lie only in very limited circumstances where there is a clear legal right to the relief sought *(Matter of State of New York v King,* 36 NY2d 59) and nonreviewability by way of appeal, alone, does not provide a basis for reviewing error by a collateral proceeding in the nature of prohibition or mandamus. *(Matter of State of New York v King,* 36 NY2d 59, *supra.)*

Thus, under the circumstances presented where there is no legal authority for the Criminal Court to vacate the plea and sentence, relief in the nature either of prohibition or mandamus is unwarranted. Concur—Sullivan, J. P., Milonas, Kupferman, Asch and Kassal, JJ.