■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY ROBINSON, Appellant. [631 NYS2d 681] —Judgment, Supreme Court, New York County (James Leff, J.), rendered September 23, 1992, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third

degree and criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years and 2 to 4 years, respectively, unanimously affirmed.

Defendant's claim that he was denied a speedy trial is meritless. In light of the People's concession that they are properly chargeable with 146 days under CPL 30.30, there are only two disputed time periods, i.e., the 16-day adjournment from August 5, 1991 to August 21, 1991, and 34 days of the adjournment from January 16, 1992 to February 27, 1992. Notwithstanding defendant's current arguments claiming that the trial court was somehow remiss in connection with securing assigned counsel for defendant, defendant's failure to provide any record controverting the trial court's finding that the 16-day period from August 5, 1991 to August 21, 1991 is properly excludable as a period during which the defendant was without counsel through no fault of the court, an excludable adjournment under CPL 30.30 (4) (f), precludes appellate review of defendant's claim of error (*People v Kramer*, 181 AD2d 449, 449-450, *lv denied* 79 NY2d 949). With respect to the adjournment from January 16, 1992 to February 27, 1992, the trial court erroneously ruled that only 8 of the 42 days were chargeable to the People. Where, as here, the People request a pre-readiness adjournment and the court sets a later adjourned date than requested, due to court congestion or otherwise, the entire period is chargeable to the People (*People v Smith*, 82 NY2d 676). We note that the unavailability of counsel does not relieve the People of responsibility for a prereadiness delay not expressly consented to by the defense (*supra*). As the People were required to announce ready for trial within 184 days, and as the total time chargeable to the People is 180 days, defendant's speedy trial motion was properly denied.

Defendant's claim that the People failed to prove beyond a reasonable doubt that he had knowledge of the weight of the drugs possessed is unpreserved by either a specific objection to the sufficiency of the evidence, or an objection to the jury charge (*People v Gray*, 86 NY2d 10) and we decline to review it in the interest of justice.

Defendant's claims of prosecutorial misconduct in summation are for the most part unpreserved by appropriate and timely objection (CPL 470.05). In any event, the prosecutor's characterization of defendant's activities, essentially, as a mobile drug selling operation, constituted fair comment on the evidence presented within the broad bounds of rhetorical comment permissible in closing argument (*People v Galloway*, 54

NY2d 396). Further, the prosecutor's summation comments regarding credibility were appropriately responsive to the defense summation (*People v Marks*, 6 NY2d 67, *cert denied* 362 US 912).

As this was not a purely circumstantial evidence case, there is no merit to defendant's contention concerning the trial court's denial of defense counsel's request for a circumstantial evidence charge (*People v Daddona*, 81 NY2d 990, 992).

Although in assisting the jury regarding the "intent to sell" element of the third degree possession count, the trial court might better have avoided the use of an analogy similar to one utilized by the prosecutor in summation, here the court applied the analogy equally to a permissible inference of guilt or innocence; properly and repeatedly instructed the jury, both prior to and after using the analogy, that the People bore the sole burden of proving each and every element of the crimes charged beyond a reasonable doubt; and specifically instructed the jury that arguments of counsel may not be substituted for the jurors' own conclusions flowing from the competent evidence. Further, although it might have been preferable for the court to have used the phrase "reasonably infer", rather than "reasonably assume" in the analogy, there is no support in the record for defendant's claim, raised for the first time on appeal, that the court's "intent to sell" charge permitted the jurors to substitute a "reasonable assumption" standard of proof for the beyond a reasonable doubt standard articulated by the court. The charge in question did not in any way suggest to the jury an opinion of the court as to guilt, nor did it serve to dilute the People's burden of proof. Rather, the charge as a whole conveyed the appropriate legal principles (*see, People v Wise*, 204 AD2d 133, 135, *lv denied* 83 NY2d 973). Concur—Rosenberger, J. P., Rubin, Asch, Williams and Mazzarelli, JJ.