[894 NYS2d 330]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v E.C., C.C. and N.C., Defendants.

Criminal Court of the City of New York, New York County, November 18, 2009

**APPEARANCES OF COUNSEL**

*Bruce A. Yerman*, New York City, for C.C., defendant. *Legal Aid Society*, New York City (*Jerrold Berman* of counsel), for

E.C., defendant. *Deanna Fisher*, New York City, for N.C., defendant. *Robert M. Morgenthau, District Attorney*, New York City (*Jaime Hickey-Mendoza* of counsel), for plaintiff.

OPINION OF THE COURT

MICHAEL J. YAVINSKY, J.

The defendants, E.C., C.C., and N.C., each stand charged by a single information with one count of assault in the third degree (Penal Law § 120.00 [1]).

By papers dated September 9, 2009, defendant C.C. moves to dismiss the information filed against him on the grounds that the People have denied him his statutory right to a speedy trial. Specifically, he claims that the People were not ready for trial within 90 days as CPL 30.30 requires. Defendants E.C. and N.C. join in this motion. By papers filed on September 30, 2009, the People oppose the motion, contending that only 74 days are chargeable to them to date. For the reasons that follow, the defendants' motion is granted.

The top count charged on the information, assault in the third degree, is a misdemeanor punishable by a term of incarceration not exceeding one year. Accordingly, the People are required to be ready for trial within 90 days of the defendants' arraignments, less any excludable time (CPL 30.30 [1] [b]). The People are considered to be ready for trial when they communicate their actual readiness in open court or file a certificate of actual readiness with the court and serve a copy on the defendants' attorneys (*see People v Kendzia*, 64 NY2d 331 [1985]).

The defendants were arraigned on November 30, 2008. The court adjourned all three matters to December 5, 2008, for the People to file a supporting deposition of R.S. The five intervening days are chargeable to the People as prereadiness delay (five total days charged).

On December 5, 2008, the People served and filed the necessary supporting deposition. Additionally, the People applied for an adjournment, pursuant to CPL 170.20, in order to present these cases to a grand jury. The court granted the application and adjourned the cases to February 5, 2009. On December 10, 2008, the People served upon the defendants and filed with the court a certificate of readiness for trial along with an affirmation of service by mail. Additionally, the People included a cover letter with these two documents which stated: *"Please be ad-*

*vised that I intend to withdraw 170.20 notice on the next court date."*

The People contend that this statement in the cover letter, in combination with the certificate of readiness, was sufficient to initially stop the accumulation of chargeable, pre-readiness speedy trial time. The defendants contend that the entirety of the adjournment is chargeable and should be included into the speedy trial calculations.

Section 170.20 of the Criminal Procedure Law states that

"[a]t any time before entry of a plea of guilty to or commencement of a trial . . . , the district attorney may apply for an adjournment of the proceedings in the local criminal court upon the ground that he intends to present the misdemeanor charge in question to a grand jury with a view to prosecuting it by indictment in a superior court. In such case, the local criminal court must adjourn the proceedings to a date which affords the district attorney reasonable opportunity to pursue such action, and may subsequently grant such further adjournments for that purpose as are reasonable under the circumstances" (CPL 170.20 [2]).

As has been noted,

"[s]ubdivision two sets forth a procedure for staying the proceedings in the local criminal court to allow time for presenting the matter to a Grand Jury. Once the People's application for an adjournment is made, the trial court is bound: it must grant an initial adjournment. Moreover, this cuts off any right of the defendant to plead guilty to the charge in the criminal court and prevent an indictment, which well might charge a felony. *People v. Barkin*, 49 N.Y.2d 901, 428 N.Y.S.2d 192, 405 N.E.2d 674 (1980)." (Preiser, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 170.20, at 45; *see also Matter of Johnson v Andrews*, 179 AD2d 417 [1st Dept 1992].)

During the pendency of CPL 170.20 notice, the CPL 30.30 time is chargeable to the People absent any legal reason for exclusion.

It is undisputed that the court was legally obligated to give the People the adjournment they requested on December 5, 2008 to present this case to a grand jury when they served CPL 170.20 notice. This was the People's absolute right under the

statute, and this court had no discretion to do anything other than honor that request. As a result, on December 5, 2008 the court essentially lost its trial jurisdiction (*see* CPL 1.20 [24]), because once the People served CPL 170.20 notice, the court was prohibited from adjudicating the case by way of a plea, a trial, or any other dispositive resolution of the criminal action. Also, the court determined on December 5, 2008 that the reasonable opportunity the People would be afforded to present this case to a grand jury would be until February 5, 2009.

The People, nonetheless, argue that they effectively stopped the impediment to adjudication of the action that they put in motion when they served CPL 170.20 (2) notice by indicating that they "intend[ed] to withdraw 170.20 notice on the next court date." This court disagrees. Inexplicably, the People did not indicate that they were withdrawing CPL 170.20 notice on December 10, 2008, the date of their mailing. Instead the People specifically indicated that they would be "withdrawing"* on February 5, 2009, which was "the next court date." Thus, hypothetically, had the defendant moved to advance the case on December 11, 2008 and attempted to take a plea to the charge with a sentence of conditional discharge on a case where the People thought the defendant deserved nine months of jail, all the People needed to say was that their initial CPL 170.20 adjournment was still in effect until February 5, 2009 and the court would be powerless to accept such a plea from the defendant on December 11, 2008. The People could have indicated they no longer intended to submit the case to a grand jury as of December 10, 2008, but for some unknown reason they did not do so.

In *People v Kendzia* (64 NY2d 331 [1985]), the Court of Appeals found that a letter by the People indicating a specific date for future readiness was not an effective method of communicating the People's actual readiness on the date of the mailing

---

* The use of the word "withdrawing" of the CPL 170.20 notice in the People's cover letter adds to the confusion because it is not something that the People would have either needed to, nor have been able to, withdraw on the next court date. The initial request for an adjournment pursuant to CPL 170.20 was the People's right to make, but that is where their absolute rights under subdivision (2) end. On February 5, 2009, the initial request for a "170.20 adjournment" by the People ended; there was nothing to withdraw. While the People would have been within their rights to seek additional time from the court on February 5, 2009, it then became the court's discretion whether or not to grant such additional adjournment beyond February 5, 2009. The use of the word "withdrawing" appears to be misplaced based upon the contextual facts of this case.

"because it merely expressed an expectation of readiness" on a future date. (*Kendzia* at 338; *see also People v Chavis*, 91 NY2d 500 [1998].) If future statements of readiness are insufficient to assert the People's actual present readiness to proceed to trial, then, in the absence of any appellate case law to the contrary, it stands to reason that statements of future withdrawal of CPL 170.20 notice are insufficient to assert the People's actual present decision to proceed on a misdemeanor accusatory instrument without the case going to a grand jury. Thus, this court finds the People's December 10, 2008 certificate of readiness to be a legal nullity, and the entirety of the 62-day adjournment from December 5, 2008, until February 5, 2009 is charged to the People (67 total days charged).

On February 5, 2009, the People did not renew their application for an adjournment pursuant to CPL 170.20 and the defendants requested a schedule for them to file an omnibus motion. The court ordered the defendants to file their motions by February 26, 2009, and adjourned the case to March 19, 2009 for the People's response and the court's decision. Since this adjournment was for the purpose of filing motions, it represents excludable time (*see* CPL 30.30 [4] [a]) (67 total days charged).

The defendants filed their motions and, on March 19, 2009, the People filed their responses and pretrial suppression hearings were ordered to complete the pretrial motions. The cases were adjourned to April 16, 2009, for pretrial hearings to be conducted as well as for trial. This period is excludable

> "since the time from the determination to order an evidentiary hearing, indispensable to the court's ability to decide the pending motion to suppress, until the first date scheduled for that hearing must be excluded as the period during which [defendants' motions were] 'under consideration by the court' (CPL 30.30 [4] [a]; *see People v Taylor*, 16 Misc 3d 339 [Crim Ct, NY County 2007] . . . )." (*People v Williams*, 19 Misc 3d 675, 677 [Crim Ct, NY County 2008]; *see also People v Sinisgalli*, 24 Misc 3d 135[A], 2009 NY Slip Op 51489[U] [App Term, 1st Dept 2009].) (67 total chargeable days.)

On April 16, 2009, the People were not ready for trial and requested an adjournment to April 30, 2009 for trial. The court adjourned the cases to May 4, 2009. Since the People had not, prior to this time, validly announced that they were ready for trial, the entire 18-day adjournment is chargeable to the

People—their request for two weeks notwithstanding (*see People v Smith*, 82 NY2d 676, 678 [1993]; *People v Robinson*, 219 AD2d 531, 532 [1st Dept 1995]) (85 total days charged).

On May 4, 2009, the People were not ready for trial and requested an adjournment to May 11, 2009 for trial. The court adjourned the cases to June 10, 2009. Since the People had not, prior to this time, validly announced that they were ready for trial, the entire 37-day adjournment is chargeable to the People—their request for one week notwithstanding (*see Smith*, 82 NY2d at 678; *Robinson*, 219 AD2d at 532) (122 total days charged).

On June 10, 2009, the People were not ready for trial and requested an adjournment to July 13, 2009 for trial. The court adjourned the cases to September 9, 2009. Since the People had not, prior to this time, validly announced that they were ready for trial, the entire 91-day adjournment is chargeable to the People—their request for 33 days notwithstanding (*see Smith*, 82 NY2d at 678; *Robinson*, 219 AD2d at 532) (213 total days charged).

On September 9, 2009, defendant C.C. filed the instant motion in which both remaining codefendants joined. The balance of the adjournments had in this case was for the purpose of determining the defendants' motion and is, accordingly, excludable (*see* CPL 30.30 [4] [a]) (213 total days charged).

Thus, the court finds that there are 213 chargeable days to date.

Since in excess of 90 days are charged to the People, the defendants' motion to dismiss the information is granted and the information is dismissed. The records of the instant prosecutions are ordered to be sealed in accordance with the dictates of CPL 160.50.