People v S.V. (2025 NY Slip Op 51450(U))

[*1]

People v S.V.

2025 NY Slip Op 51450(U)

Decided on September 15, 2025

Criminal Court Of The City Of New York, Queens County

Iannece, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 15, 2025
Criminal Court of the City of New York, Queens County

The People of the State of New York

against
S.V., Defendant.

Docket No. CR-039352-24QN

Melinda Katz, District Attorney, Kew Gardens (Amir Alimehri, of counsel), for the People.
Lisa Schreibersdorf, Brooklyn Defenders Services: Queens, Forest Hills (Heidi Sandomir, of counsel), for defendant.

Jerry M. Iannece, J.

Decision summary: Defendant's MOTION to DISMISS the accusatory instrument on SPEEDY TRIAL GROUNDS is GRANTED; and Defendant's MOTION for PRECLUSION of untimely and improperly noticed statement or identification evidence is DENIED as MOOT.
Defendant is charged in the instant accusatory instrument with one count of Unauthorized Use of a Vehicle in the Third Degree (Penal Law § 165.05 [1]), a class A misdemeanor, one count of Aggravated Unlicensed Operation of a Motor Vehicle in the Second Degree (Vehicle and Traffic Law [hereinafter "VTL"] § 511 [2] [a] [iv]), an unclassified misdemeanor, and one count of Driving by an Unlicensed Operator (VTL § 509 [1]), an infraction. By motion filed with the court dated July 16, 2025, defendant seeks the following relief: dismissal of the instant accusatory instrument pursuant to CPL 30.30 (1) (b) and 710.30 (1) (e); preclusion of all statement and identification evidence not timely and properly noticed by the People; and to reserve the right to make additional motions as necessary (see notice of motion of defendant's counsel). On August 14, 2025, the People filed their opposition papers, asking the Court to deny defendant's motion to dismiss the accusatory instrument, and, on August 20, 2025, defendant filed a reply.
SPEEDY TRIAL
Pursuant to CPL 30.30 (1), the applicable speedy trial time is determined "based on the most serious offense charged in the accusatory instrument" (People v Cooper, 98 NY2d 541, 543 [2002]). The highest charge in the instant case is a class A misdemeanor for which the maximum punishable period of incarceration shall not exceed three hundred sixty-four (364) days (see Penal Law §§ 70.15 [1]; 165.05 [1]). Because the highest charge is punishable by a sentence of imprisonment of more than three (3) months, the People were required to validly announce their readiness for trial within ninety (90) days of commencing the criminal action against defendant, not including any statutorily excludable periods of time (see CPL 1.20 [17]; 30.30 [1] [b]; [4]). In calculating time, the court must first compute the time between the filing of the accusatory instrument and the People's statement of readiness, subtract any time periods which are excludable, and add any post-readiness delays that are attributable to the People and not eligible [*2]for an exclusion (see People v Price, 14 NY3d 61, 65 [2010]; People v Cortes, 80 NY2d 201, 208 [1992]; People v Kendzia, 64 NY2d 331, 332 [1985]).
The People must in fact be ready to proceed at the time they declare readiness. "The statute contemplates an indication of present readiness, not a prediction or expectation of future readiness" (Kendzia, 54 NY2d at 337). Pursuant to CPL 30.30 (5), any statement of trial readiness by the People must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of CPL article 245 (see CPL 30.30 [5]; 245.20 [1]; 245.50 [3]). "The inquiry is whether the People have done all that is required of them to bring the case to a point where it may be tried" (People v England, 84 NY2d 1, 4 [1994]).
The People's request of an adjournment to present misdemeanor charges to the grand jury, pursuant to CPL 170.20 (2), results in includable time for purposes of the speedy trial statute (CPL 30.30) (see People v Bastian, 83 AD3d 1468, 1470 [4th Dept 2011] ["the People were properly charged with the delay between their request for an adjournment to present the matter to a grand jury and their statement of readiness on the resulting indictment"]; People v Piquet, 46 AD3d 1438, 1439 [4th Dept 2007] [the 26-day adjournment that the People requested in anticipation of their grand jury presentation, pursuant to CPL 170.20 (2), was chargeable to the People]; People v Rivera, 144 Misc 2d 1007, 1010 [Crim Ct, NY County 1989] ["The 60-day interval between July 14, 1988 and September 13, 1988 is chargeable as an adjournment granted at the People's request pursuant to CPL 170.20, a mandatory adjournment to which the defendant could not have objected. The granting of the adjournment did not toll the running of speedy trial time"]). Thus, "[w]hen the People move pursuant to CPL 170.20 to present charges to the Grand Jury, they 'do so at their own peril'" (Rivera, 144 Misc 2d at 1010, quoting People v Jacquin, 127 Misc 2d 241, 244 [Nassau County Ct 1985]).

Calculation of Includable and Excludable Time

November 27, 2024, to February 3, 2025
Defendant was arraigned on the instant accusatory instrument on November 27, 2024, in Part DAT-D. The People were not ready for trial, as they had yet to file their certificate of compliance with CPL article 245 discovery (hereinafter "COC"), and they required a supporting deposition from the complainant to convert the misdemeanor complaint to an information. The court adjourned the case until February 3, 2025, Part AP2, for conversion and for the People to file their COC.
On January 31, 2025, off-calendar, the People served and filed notices pursuant to CPL 170.20 (2)[FN1]
, of their intent to present the instant matter to the grand jury with a view of [*3]prosecuting the case in Supreme Court, and CPL 190.50 (5) (a)[FN2]
, notifying defendant and counsel of the prospective grand jury proceeding and affording defendant a reasonable amount of time to exercise her right to appear in the grand jury as a witness on her own behalf. This entire adjournment period is charged to the People. (68 days charged; 68 days total)
February 3, 2025, to February 13, 2025
On February 3, 2025, in Part AP2, the People provided the court and counsel with a supporting deposition from the complainant (see affirmation of defendant's counsel, Exhibit C [FN3]
— February 3, 2025, Calendar Call transcript at 3, lines 9-12), converting the misdemeanor [*4]complaint to an information [FN4]
, however, the People announced not ready as they still required a COC (see 2/3/25 tr at 2, line 16). The defense acknowledged receipt of the People's off-calendar notices pursuant to CPL 170.20 and 190.50 (id. at 2, line 5), and served cross-190.50 notice upon the People, who acknowledged receipt, reserving defendant's right to testify before the grand jury (id. at 3, lines 1-2). Defendant had been present in court earlier in the day, which the People confirmed (id. at 2, lines 7-15), but was not present for calendar call; a bench warrant was not issued, nor was a warrant ordered and its issuance stayed. The court adjourned the case in AP2 until February 13, 2025, the date listed on the People's CPL 190.50 (5) (a) notice, for defendant to appear. This entire adjournment period is charged to the People. (10 days charged; 78 days total)
February 13, 2025, to March 31, 2025
On February 13, 2025, in Part AP2, the People did not make any statement as to their trial readiness. The People noted that CPL 170.20 and 190.50 notices had been served upon the defense and filed with the court on January 31, 2025, and indicated that they were scheduling grand jury but were waiting to hear from defense counsel and, if defendant would be testifying, to pick a date (see 2/13/25 tr at 2, lines 15-19). The defense reaffirmed that cross-190.50 was in effect, stating their intention for defendant to testify in the grand jury, and indicated that the matter should be put over for grand jury action (id. at 2, line 25; at 3, lines 1-2). The court adjourned the matter until March 31, 2025, Part AP2, for grand jury action.
On February 24, 2025, off-calendar, the People served and filed their COC and a purported statement of readiness for trial (hereinafter "SOR") (see affirmation of defendant's counsel at 2, ¶ 7; Exhibit D — People's COC-SOR). However, the People did not withdraw their CPL 170.20 notice, and, as discussed below, they never explicitly withdrew such notice until July 2, 2025.
Defendant contends that the People's February 24, 2025, SOR was illusory, and did not toll the speedy trial clock, because, inter alia, "once the People served CPL 170.20 notice, the court was prohibited from adjudicating the case by way of a plea, a trial, or any other dispositive resolution of the criminal action" (People v E.C., 26 Misc 3d 609, 611 [Crim Ct, NY County 2009]; see affirmation of defendant's counsel at 7, ¶ 24; People v Barkin, 49 NY2d 901 [1980]; People v Carrenard, 57 Misc 3d 1203[A], 2017 NY Slip Op 51219[U] [Crim Ct, Kings County 2017]; Preiser, Practice Commentary, McKinney's Cons Laws of NY, CPL 170.20; see also Matter of Johnson v Andrews, 179 AD2d 417 [1st Dept 1992]). Defendant asserts that trial readiness must be evaluated at the time the SOR is filed; readiness cannot be prospective (see affirmation of defendant's counsel at 10, ¶ 31, citing England, 84 NY2d at 4; see Kendzia, 54 NY2d at 337). "At the time the prosecution filed their [SOR], they could have withdrawn [CPL] 170.20 notice. By electing not to, and continuing to adjourn for Grand Jury action thereafter, the prosecution made their intentions to pursue an indictment clear, and their [SOR] a 'legal nullity'" (affirmation of defendant's counsel at 10, ¶ 31, quoting E.C., 26 Misc 3d at 613).
The People incorporate by reference arguments made in court on July 2, 2025, and contend, in essence, that CPL 170.20 notice was implicitly withdrawn, by operation of law, by the filing of their SOR (see 7/2/25 tr at 10, lines 12-13). They argue that, while there had been a [*5]time that the People believed the case would be presented to a grand jury, which is why they filed their CPL 170.20 notice on January 31, 2025, they ultimately decided to proceed with the case in criminal court and filed their COC and SOR on February 24, 2025, day eighty-nine (89) of their ninety (90)-day speedy trial clock, and the speedy trial clock stopped at day eighty-nine (89) because the burden then shifted to defendant under the CPL to file their COC (id. at 4, lines 3-25; at 5, lines 1-6). The People insist, inter alia, that the court was following the procedures of CPL 170.20 and could have set a deadline for the People to present their case to the grand jury, but it did not, and that the "People did not exceed any allowable time to move forward with this case, whether by grand jury action or trial" (affirmation of ADA Alimehri at 3). This Court disagrees.
The People served and filed notice pursuant to CPL 170.20 (2) on January 31, 2025. Under the statute, "the district attorney may apply for an adjournment of the proceedings in local criminal court upon the ground that he [or she] intends to present the misdemeanor charge in question to a grand jury with a view to prosecuting it by indictment in a superior court" (CPL 170.20 [2]). While the local criminal court is required to "adjourn the proceedings to a date which affords the district attorney reasonable opportunity to pursue such action, and may subsequently grant such further adjournments for that purpose as are reasonable under the circumstances" (id. [emphasis added]), there is nothing contained in the language of the statute to suggest that adjournments while CPL 170.20 (2) notice is in effect are excludable from the People's CPL 30.30 obligation. Rather, the statute simply offers that if a charge presented to the grand jury within the adjournment period(s) under CPL 170.20 (2) results in an indictment or dismissal of the charge, "the local criminal court is thereby divested of jurisdiction of such charge, and all proceedings in the local criminal court with respect thereto are terminated" (CPL 170.20 [2] [a]). However, "[i]f the misdemeanor charge is not presented to a grand jury within the designated period, the proceedings in the local criminal court must continue" (CPL 170.20 [2] [b]).
"The statute provides for a stay of criminal court proceedings; as such, the criminal court cannot accept a guilty plea or commence a trial on the misdemeanor charges. Nevertheless, the criminal court retains jurisdiction until an indictment [results]. As such, during the pendency of a CPL[]170.20 application, CPL[] 30.30 time is chargeable to the People absent any legal reason for exclusion" (Carrenard, 2017 NY Slip Op 51219 [U], *2 [internal citations omitted]; see Bastian, 83 AD3d at 1470; Piquet, 46 AD3d at 1439). Here, the People have failed to establish any legal reason for excluding time, and, having availed themselves of the required adjournment under CPL 170.20, the People were unable to announce their readiness to proceed to trial (see People v Broughton, 239 AD3d 1406, 1407 [4th Dept 2025] [only where no CPL 170.20 notice was filed was the People's SOR on a misdemeanor sufficient to stop the speedy trial clock prior to defendant's subsequent indictment]; see also E.C., 26 Misc 3d at 613 [the People's statement of future withdrawal of CPL 170.20 notice rendered a purported statement of present trial readiness a legal nullity]).
Inexplicably, despite arguing that it was their intention to proceed with the instant case in criminal court as of February 24, 2025, the People did not withdraw their CPL 170.20 notice when they filed their February 24, 2025, COC and SOR. Had they done so, assuming their COC was valid when filed, the People's February 24, 2025, SOR would have stopped the speedy trial clock as of that date, day eighty-nine (89) of the People's ninety (90)-day speedy trial time frame, and the matter would have been able to proceed in criminal court. As discussed below, [*6]however, the People's implicit withdrawal of CPL 170.20 notice — by filing a COC and SOR — was ineffective to convey the People's intentions.
It is the opinion of this Court, without any binding authority to the contrary, that withdrawal of CPL 170.20 notice must be explicit in order to ensure clarity and a measure of certainty for all parties involved in the criminal action. The court needs to know whether it has jurisdiction to proceed to trial. Defendant needs to know if the case is going to trial in the local criminal court or if it is proceeding to a grand jury for a potential felony indictment. Permitting the People to implicitly withdraw CPL 170.20 notice would lead to ambiguity about the nature of the proceedings, as was clearly the case in the instant matter [FN5]
, and could result in the People circumventing their speedy trial obligations under CPL 30.30. Even if, assuming arguendo, CPL 170.20 notice could be withdrawn implicitly, the People's conduct in support of an implicit withdrawal would have to be clearly inconsistent with pursuing an indictment. That was not the case here. The Court finds the People's February 24, 2025, SOR to be a legal nullity, ineffective to toll the speedy trial clock. Accordingly, the entire adjournment period from February 13, 2025, to March 31, 2025, is charged to the People. (46 days charged; 124 days total)
March 31, 2025, to April 11, 2025
On March 31, 2025, in Part AP2, the Hon. Vidya Pappachan immediately inquired as to whether there had been any grand jury action (see 3/31/25 tr at 2, line 5), to which the People responded that the assigned Assistant District Attorney (hereinafter "ADA") indicated that she "is in the process of booking a slot with the [g]rand jury so[] she should have a date for grand jury at some point today" (id. at 2, lines 6-9). The defense reaffirmed cross-190.50 notice (id. at 2, lines 10-11), and the case was adjourned until April 11, 2025, Part AP2, for grand jury action (id. at 2, lines 19-20). The court asked the People to confirm that they had served and filed CPL 170.20 notice, and the People so confirmed (id. at 2, lines 20-22). However, the People made no statement regarding their trial readiness. Even if the People's February 24, 2025, SOR had been valid when filed, they failed to effectively maintain their readiness.
"Announcing trial readiness cannot simply be an 'empty declaration that the People are prepared to present their direct case' but instead must affirm that 'the People have done all that is required of them to bring the case to a point where it may be tried'" (People v Labate, 42 NY3d 184, 191 [2024], quoting England, 84 NY2d at 4). "Once the People have declared ready, a postreadiness delay may still be 'charged to the People when the delay is attributable to their inaction and directly implicates their ability to proceed to trial'" (Labate, 42 NY3d at 191, quoting People v Brown, 28 NY3d 392, 404 [2016]; see People v Carter, 91 NY2d 795, 799 [1998]).
Here, after filing their off-calendar February 24, 2025, SOR, without withdrawing CPL 170.20 notice, on March 31, 2025, in AP2, the People in no uncertain terms represented to the court, defendant and defense counsel that they were in the process of scheduling time in the grand jury to present their case in furtherance of obtaining an indictment (see 3/31/25 tr at 2, lines 6-9). As was required by statute, on February 13, 2025, the Hon. Glenda Hernandez granted [*7]the People a reasonable opportunity to seek a grand jury indictment and proceed with the instant matter in Superior Court by adjourning the case for grand jury action (see CPL 170.20 [2]; 2/13/25 tr at 3, line 16). The People failed to take any grand jury action, however, and offered no insight as to why it would be reasonable for the People to require no less than two months to schedule time in the grand jury from the time that they filed and served their CPL 170.20 and 190.50 notices.
Moreover, with CPL 170.20 notice in effect, the court was prohibited from adjudicating the case in criminal court "by way of a plea, a trial, or any other dispositive resolution of the criminal action" (E.C., 26 Misc 3d at 611; see Carrenard, 2017 NY Slip Op 51219 [U], *2). As such, had the People reiterated their purported trial readiness on March 31, 2025, in Part AP2, what would they have been declaring their readiness for? The People certainly cannot, on the one hand, state that they are ready for trial, and, on the other hand, prevent any dispositive resolution to the case in criminal court, request/require an adjournment of the matter for grand jury action, take no grand jury action or any other affirmative steps to move the case forward, and expect there to be no speedy trial consequences. This entire period from March 31, 2025, to April 11, 2025, is charged to the People. (11 days charged; 135 days total)
April 11, 2025, to June 11, 2025
On April 11, 2025, in Part AP2, the People announced ready, but indicated that the assigned ADA was "working on scheduling a Grand Jury date to indict this matter" (4/11/25 tr at 2, lines 9-12). The defense reaffirmed that cross-190.50 notice remained in effect (id. at 2, lines 13-16). The Hon. Edward Daniels noted that the People had stated their intent to present the case to the grand jury (id. at 3, lines 14-15) and the court expressed a desire to move the matter forward (id. at 3, line 15). Judge Daniels stated, "I am going to put [the case] on for discovery conference, back here in AP2. If the People don't indict the case, both sides should have conversations about discovery, and diligently confer to make sure all the materials have been turned over, so that the case can move forward. It doesn't make sense for this case just to be in a holding pattern" (id. at 3, lines 23-25; at 4, lines 1-4 [emphasis added]). The matter was adjourned until June 11, 2025, Part AP2.
While CPL 170.20 notice is not required for the People to present their case to a grand jury, the People's contention that they effectively or implicitly withdrew CPL 170.20 notice on February 24, 2025, by filing their purported SOR is belied by their words and actions. Up to and including this April 11, 2025, calendar call, the People consistently expressed on the record their intent to proceed with the instant matter in the grand jury and pursue an indictment. They did not request a discovery conference — one was only suggested by Judge Daniels, using conditional language, "[i]f the People don't indict the case" (id. at 3, lines 24-25 [emphasis added]). Nor did the People discuss scheduling hearings, despite having served CPL 710.30 (1) (a) notices at defendant's arraignment. Everything that the People said and did — apart from actually presenting the case to a grand jury — suggests that, even in their own minds, CPL 170.20 notice remained in effect. Accordingly, without the People having explicitly withdrawn CPL 170.20 notice, the People never validly announced that they were ready for trial and this entire adjournment period is also charged to the People. (61 days charged; 196 days total)
June 11, 2025, to July 1, 2025
On June 11, 2025, in Part AP2, without having explicitly withdrawn CPL 170.20 notice, the People again announced their purported trial readiness (see 6/11/25 tr at 2, line 6). The Hon. Maria Gonzalez noted that the case was marked down for a discovery conference, to which the [*8]defense, standing in for the attorney of record, advised the court that CPL 170.20 notice had been served and filed quite a while ago and that it was the defense's position that the People were not ready; the defense asked the court to set a deadline for the People to present the case to the grand jury (id. at 2, lines 12-19). After the court, for the second time, inquired about a discovery conference, the covering defense attorney indicated that they had no information as to discovery (id. at 3, lines 13-16). Judge Gonzalez briefly adjourned the matter until July 1, 2025, Part AP2, for the assigned ADA and assigned defense counsel to appear (id. at 4, lines 2-6) so the court and the parties could "try to figure out what is happening and make decisions on this case" (id. at 4, lines 8-9). This scenario — where the assigned ADA and defense counsel of record were ordered to personally appear for calendar call to help the court, and even the parties, come to an understanding as to the status and direction of the case — perfectly exemplifies why CPL 170.20 notice must be explicitly withdrawn.
Moreover, as the defense points out, the People indicated during the June 11, 2025, court appearance that the assigned ADA intended to confer with the defense regarding discovery, but that the defense had never reached out (see 6/11/25 tr at 2, lines 23-25). When counsel contacted the assigned ADA later that same day regarding this representation, the assigned ADA responded, "I'll speak with the standing ADA because I'm not sure why that would have been stated. There would be no discovery for me to confer about, and I doubt [the prior assigned ADA] reached out about anything (but I'll ask her too). Obviously, I'm open to a pre-indictment plea discussion if you would like but not much else to discuss unless you have anything else to discuss" (affirmation of defendant's counsel at 4 n 2, quoting Exhibit M — Email from ADA Alimehri). These remarks by the assigned ADA clearly demonstrate that not only did the People fail to take any action in pursuit of a grand jury indictment, but the People appeared content to allow the case to remain in a holding-pattern, which does not suggest that they took advantage of the reasonable opportunity they were entitled to under CPL 170.20 (2) to pursue a prosecution by indictment in a superior court, or that the further adjournments they were granted for that purpose were reasonable under the circumstances of the instant case (see CPL 170.20 [2]). Simply put, the People failed to act reasonably under the circumstances of the case to seek a grand jury indictment or withdraw CPL 170.20 notice, and they failed to demonstrate when they announced ready for trial that they were presently ready.
Accordingly, once again, without the People having explicitly withdrawn CPL 170.20 notice, the People never validly announced that they were ready for trial and this entire adjournment period is also charged to the People. (20 days charged; 216 days total)
July 1, 2025, to July 2, 2025
On July 1, 2025, in Part AP2, despite the court's directive from the prior court date for the parties to be present, the assigned ADA did not appear because he was engaged in a hearing (see 7/1/25 tr at 2, lines 9-10). The People announced ready, noting that their COC was filed on February 24, 2025, and that CPL 170.20 notice was previously filed, and the People handed up a new CPL 190.50 notice providing defendant an opportunity to testify in the grand jury on July 8, 2025, at 10:00 am (id. at 2, lines 10-15). The defense attorney of record, joining in the court's frustration with the assigned ADA's failure to appear for this calendar call, expressed:
"We've had multiple adjournments and at each time, the prosecution has made a record that they intended on presenting the case before the Grand Jury. For whatever reason, at each date, they had a reason as to why they have not. At no point has the prosecution been validly ready. They didn't even file a statement of readiness before filing 170.20, [*9]and as the Court knows, once 170.20 Notice has been filed, the prosecution cannot validly state ready until they either indict or withdraw that notice. This case is a misdemeanor that has been in limbo for months We are past six months since arraignment. We are well past 30.30 as far as 90 days go in a misdemeanor clock. I am asking that the Court not extend 170.20 in this case, and let us proceed with the misdemeanor" (id. at 3, lines 5-17, 25; at 4, lines 1-4).
The Hon. Maria Gonzalez adjourned the case to the following day, July 2, 2025, Part AP2, for the assigned ADA and defense counsel to appear at 2:00 pm and the court excused defendant from having to appear (id. at 5). The defense reaffirmed cross-190.50 notice (id.).
With the People having failed to explicitly withdraw CPL 170.20 notice and even implying on the record that the notice remained in effect (id. at 2, lines 12-15), the People never validly announced their trial readiness. Moreover, the assigned ADA's failure to appear when ordered to do so by the court resulted in an actual delay in the proceedings that was solely attributable to the People. Accordingly, the one (1)-day period from July 1, 2025, to July 2, 2025, is charged to the People. (1 day charged; 217 days total)
July 2, 2025, to July 16, 2025
On July 2, 2025, in Part AP2, the assigned ADA appeared with their supervisor. The People announced ready, and indicated that they had been ready since February 24, 2025, when they filed their COC and an SOR (see 7/2/25 tr at 3, lines 9, 12-14). The People, for the very first time since they served and filed their CPL 170.20 and 190.50 notices, expressed their intention to proceed with the instant matter in criminal court, rather than seeking a grand jury indictment and proceeding in Superior Court (id. at 9, lines 6-8). In response to the defense's inquiry, the People withdrew CPL 190.50 notice that had been served the prior day (id. at 9, lines 24-25; at 10, lines 1-7). When counsel asked if the People were now withdrawing their CPL 170.20 notice (id. at 10, lines 10-11), the People responded that "170.20 [n]otice was withdrawn by the filing of the Statement of Readiness in this Court" (id. at 10, lines 12-13). While the People clearly withdrew their CPL 190.50 notice as of July 2, 2025, the People's position that they withdrew CPL 170.20 notice as of February 24, 2025, is wholly inconsistent with their words and actions (or inactions) up to this point in the proceedings. Indeed, counsel even stated, "today is the first time that I am being told that this case is moving forward as a misdemeanor" (id. at 11, lines 4-6).
Ultimately, with a clear desire to move the case forward, the Hon. Maria Gonzalez adjourned the matter until July 16, 2025, Part AP2, for a discovery conference. The court urged the parties to "conference the case. And know if we are going to hearings, trials, we need to dispose of this case. There is no[] point in having this waiting too long. It is not fair for the defendant, it is not fair for the People, it is not fair for me" (id. at 14, lines 13-18). While this Court disagrees with the People's position that they implicitly withdrew CPL 170.20 notice by operation of law as of February 24, 2025, when they filed their SOR, the People did withdraw CPL 170.20 notice as of July 2, 2025, and declared their trial readiness that same day in open court. With the People having finally withdrawn their CPL 170.20 notice and having filed their COC off-calendar months earlier, which COC defendant has not challenged and is therefore presumptively valid, the People's July 2, 2025, SOR in AP2 tolled the speedy trial clock for the first time since the commencement of the criminal action. Accordingly, the adjournment period from July 2, 2025, to July 16, 2025, is excluded. (0 days charged; 217 days total)
[*10]July 16, 2025, to September 24, 2025
On July 16, 2025, in Part AP2, at defendant's request, the court set a motion schedule to decide defendant's instant motion to dismiss and adjourned the case until September 24, 2025, Part AP2, for the court's decision on the motion. This adjournment period for motion practice is excluded (see CPL 30.30 [4] [a]). (0 days charged; 217 days total)

Conclusion
In total, the People are charged with two hundred seventeen (217) days of delay which exceeds the ninety (90)-day time frame allowed under CPL 30.30 (1) (b). Accordingly, defendant's motion to dismiss the accusatory instrument on speedy trial grounds is GRANTED, and defendant's motion for preclusion of all statement and identification evidence not timely and properly noticed by the People is DENIED as MOOT.
Sealing is ordered stayed for thirty (30) days.
This constitutes the decision and order of the Court.
DATED: September 15, 2025
Kew Gardens, NY
HON. JERRY M. IANNECE, AJSC

Footnotes

Footnote 1:CPL 170.20 (2) provides: "At any time before entry of a plea of guilty to or commencement of a trial of an accusatory instrument specified in subdivision one, the district attorney may apply for an adjournment of the proceedings in the local criminal court upon the ground that he intends to present the misdemeanor charge in question to a grand jury with a view to prosecuting it by indictment in a superior court. In such case, the local criminal court must adjourn the proceedings to a date which affords the district attorney reasonable opportunity to pursue such action, and may subsequently grant such further adjournments for that purpose as are reasonable under the circumstances. Following the granting of such adjournment or adjournments, the proceedings must be as follows: (a) If such charge is presented to a grand jury within the designated period and either an indictment or a dismissal of such charge results, the local criminal court is thereby divested of jurisdiction of such charge, and all proceedings in the local criminal court with respect thereto are terminated. (b) If the misdemeanor charge is not presented to a grand jury within the designated period, the proceedings in the local criminal court must continue" (id.).

Footnote 2:CPL 190.50 (5) (a) provides: "Although not called as a witness by the people or at the instance of the grand jury, a person has a right to be a witness in a grand jury proceeding under circumstances prescribed in this subdivision: (a) When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor's information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent. The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding. In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein" (id.).

Footnote 3:Defendant has attached to their instant motion certified transcripts of the calendar call minutes in AP2 from February 3, 2025, as Exhibit C (hereinafter cited to as "2/3/25 tr"), from February 13, 2025, as Exhibit H (hereinafter cited to as "2/13/25 tr"), from March 31, 2025, as Exhibit J (hereinafter cited to as "3/31/25 tr"), from April 11, 2025, as Exhibit K (hereinafter cited to as "4/11/25 tr"), from June 11, 2025, as Exhibit L (hereinafter cited to as "6/11/25 tr"), from July 1, 2025, as Exhibit F (hereinafter cited to as "7/1/25 tr"), and from July 2, 2025, as Exhibit G (hereinafter cited to as "7/2/25 tr").

Footnote 4:The Hon. Maria Gonzalez deemed the accusatory instrument an information as of February 3, 2025 (see 2/3/25 tr at 3, lines 18-19).

Footnote 5:Indeed, On June 11, 2025, in Part AP2, the Hon. Maria Gonzalez adjourned the case until July 1, 2025, and ordered the assigned ADA and assigned counsel to appear (see 6/11/25 tr at 3-4) to "try to figure out what is happening and make a decision on this case" (id. at 4, lines 8-9).